SARPY BERTHOLD et al., Respondents, v. THE CLAY FIRE AND MARINE INSURANCE COMPANY, of Newport, Kentucky, Appellant.

### June 6, 1876.

1. Where a cause of action is imperfectly stated in the petition, it will be presumed, after verdict, that all essential facts were proved.

2. If one having an interest in mortgaged property procure insurance in his own name, loss, if any, payable to the mortgagee, a suit may be maintained in the name of the mortgagee. Bringing the action is a ratification of the contract, and the mortgagee is entitled to recover the full amount of insurance, not to exceed the amount secured by the mortgage.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
*Melville Smith,* for appellant.
*E. P. Johnson,* for respondents, cited: Webb *et al. v.* Morgan *et al.,* 14 Mo. 428; Harvey *v.* Dutcher, 15 Mo. 89; Miles *v.* Taylor, 19 Mo. 468; Meier *v.* Leiter, 21 Mo. 112;

Dillon *v.* Bates, 39 Mo. 292 ; Nicholas *v.* Fritschle, 40 Mo. 67 ; Wag. Stat. 1000, sec. 3, 1068, sec. 35.

BAKEWELL, J., delivered the opinion of the court.

This was an action upon a policy of insurance for the sum of $2,400, and issued by defendant upon the property of one D. C. James, consisting of a portable saw-mill. The insurance is against loss by fire, for six months from January 25, 1874 ; loss, if any, payable to plaintiffs. The policy provides that the defendant should make good to the assured all such loss not exceeding the sum insured nor the interest of the assured in the property at the time of the loss ; the amount of damage to be estimated at the actual cash value of the property at the time of the loss.

The petition set forth the copartnership of the plaintiffs, and that defendant, by the policy recited, did, in consideration of $180 paid by D. C. James, insure said James against loss or damage by fire, to the amount of $2,400, on the saw-mill described—loss, if any, payable to Berthold & Jennings, plaintiffs herein—by which defendant agreed to make good to said assured the interest of assured in the property ; that the interest of said James exceeded $2,400 ; the proper proofs of loss were made ; that the said sum had been demanded and refused, and was due, and prayed for judgment.

The answer denied all the allegations of the petition, and set up new matter of defense, which was totally abandoned on the trial.

Plaintiffs offered evidence tending to prove all the material allegations of the petition.

There was a verdict and judgment for plaintiffs for the sum of $2,145.54, and defendant, having filed a motion for a new trial, and a motion in arrest, which were overruled, brings the case here by appeal.

On the trial, DeWitt C. James having testified that he owned the property insured, defendant, on cross-examination, asked him what interest plaintiffs had in the property ;

to which he answered that they had loaned him money, and had taken a deed of trust on the property for about $3,000 ; that he had repaid them 'some of the debt ; had a running account with them, and shipped them lumber ; could not tell when he paid them the first payment. Defendant's counsel then asked : " How much did you pay them at the first payment ? " and was answered : " I don't know how much." Defendant's counsel then asked : "About how much ? " Plaintiffs' counsel objected, and the court sustained the objection. Defendant's counsel then offered to show the interest of plaintiffs in the property in question. The evidence was excluded by the court. To these rulings defendant's counsel excepted, and assigns them here for error. We see no error in the ruling ; nor is any suggestion made that this action was erroneous in any other respect than this, that defendant, it is said, was thereby prevented from showing a material fact, to wit, the interest of the assured in the property. But, as the interest of the assured in the property was abundantly shown by testimony introduced by plaintiffs, and as defendant could not be benefited in any way by showing that plaintiffs had an insurable interest, we cannot see that defendant was prejudiced by the exclusion of this evidence.

Counsel for defendant asserts in his brief that he further " offered to show the interest of plaintiffs in the property, in order to show that it was in them, and not in the assured, which the court refused to permit." We are not referred to the page of the record containing any such offer, and have looked over the mass of matter contained in this carelessly written and almost illegible transcript to find the precise nature of this alleged offer, without success. It may have been omitted by the negligence of the copyist ; for the clerical blunders in this transcript are such as to make sheer nonsense of a great part of it. It is, however, to be presumed that the interest of plaintiffs in this property was in them, and

not in any one else ; otherwise, it could hardly be called their interest. But counsel cannot expect the court to scrutinize a voluminous record for possible errors which they will not take the pains to indicate with some attempt at precision. It is no part of our duty to attempt to guess at the meaning which counsel may have intended to commit to paper whilst scrawling something which, by courtesy, is called a brief, but which counsel has not thought it worth his while to put into any coherent shape, or to have written out in a fairly legible hand.

The following instruction was given by the court, at the instance of plaintiffs :

"If the jury believe from the evidence that, on January 4, 1874, DeWitt C. James was the owner of a portable saw-mill, described in the petition, and situate in Wayne county, Missouri, and that defendant, by its policy of insurance of said date, insured the said James against loss or damage by fire on said mill, for a period of six months from said date ; that said policy, or the loss thereunder, if any, was by the terms thereof made payable to Berthold & Jennings ; that, while said policy was in force, said mill was damaged by fire ; that said James gave due notice and made proof of said loss, as stated in the petition, they will find for plaintiffs, and assess damages at the amount they believe from the evidence the actual cash value of the damages so sustained on said mill, not exceeding the sum named in said policy, to wit, $2,400, to which they will add interest at the rate of 6 per cent. per annum, after a period of sixty days after service of notice and proof of loss as aforesaid."

The following instructions were asked by defendant, but whether they were given or refused we do not know ; the record says nothing as to that :

"The jury are instructed that, in estimating the damages of the plaintiffs, if they find for them, they will ascertain

the actual cash value of the property insured, at the time and place of the fire, and deduct therefrom the actual cash value of the property after the fire.

" The jury are instructed that, if they find for the plaintiffs, they will ascertain the actual cash market value of the (*sic*) of the property insured, at the time of the fire, and deduct therefrom the actual cash market value of the machinery or material which remained undestroyed after the fire.

" The jury are instructed that the policy covers only the Ames engine and boiler complete, and one Kingsland & Ferguson saw-mill complete, and did not cover the edge and extra carriage section subsequently purchased."

Appellant complains that the jury should have been instructed to find the actual cash value of the property at the time of the loss ; that the instruction given for plaintiffs was bad, " because," in the language of counsel, " it failed to fix the time, and allowing the jury to consider the value at any time."

As we cannot tell whether the instructions asked by defendant were given or refused, and as, if refused, no exception is noted, it is entirely unnecessary for us to express any opinion as to the value of this suggestion.

Counsel also objects to the expression, " actual cash value of the damages," in plaintiffs' instruction, as being quite unintelligible. We think an ordinary jury would sufficiently understand what the expression meant, and would not be misled by it.

The motion in arrest was properly overruled, because, if the petition was defective, there was, at any rate, no defect which was not cured by verdict. Where a verdict could not have been rendered without proof of certain facts, the judgment will stand, though these facts be not sufficiently set out in the pleading. Where the plaintiff totally omits to state his cause of action, there is no room for presumption ; but, where it is imperfectly stated, after verdict it

will be presumed that all essential facts were proved, and the verdict will not be disturbed for defect in the petition.

This suit, in any case, was properly brought in the name of the person to whom the loss was payable, and for whose benefit the insurance was effected. And this would be true whether the insurance was effected by the mortgagor or mortgagee, and whether the mortgage was completely paid, partially paid, or entirely unpaid at the time of bringing suit.

If one having an interest in mortgaged property procure insurance in his own name, with a stipulation that the loss, if any, shall be paid to the mortgagee, a suit on the policy may be maintained in the name of the mortgagee. The bringing of such a suit ratifies the act of procuring insurance for his benefit. It is sound doctrine, applicable to simple contracts generally, and the appropriate and well-established doctrine of contracts of insurance, that, if one promise to another for the benefit of a third, the latter can maintain an action on the contract in his own name. 1 Chitty, 4, 5. Bringing the action is a ratification of the contract, and a mortgagee is entitled to recover the full amount of insurance, in case of loss, if such sum does not exceed the amount due, secured by the mortgage. *Motley* v. *Manufacturers' Ins. Co.*, 29 Me. 337.

It may be said that, if the mortgage was fully paid at the time of bringing suit, the plaintiffs should have sued as the trustees of an express trust. This point does not appear to have been at any time clearly made during the trial. We see no offer to show that the mortgage was paid before suit was brought, or that it was paid at the time of trial. Had such an offer been made, and rejected by the court below, it would be our duty to say whether or not such rejection was error of which defendant could complain. Had such proof been made, plaintiffs could have amended their petition to correspond with the facts shown, and the final result, as far as defendant is concerned, must have been the same.

The fact of the payment or non-payment of the mortgage did not affect the right of plaintiffs to recover against defendant in this action; it went only to the question whether they should recover as trustees or in their own right. In either case the defendant must pay, and pay to them. And, as the mortgagor was a witness for plaintiffs in the case, defendant had no reason to apprehend that a recovery by plaintiffs would not be a complete bar to any claim against the company on the part of the assured.

On these principles we hold the pleadings and evidence quite sufficient to sustain the verdict, and that there was no error committed on the trial which is a ground to reverse the judgment. The judgment of the Circuit Court is affirmed. All the judges concur.