FRICK v. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

1. **Parent and Child** : INFANT CHILD WANDERING FROM HOME: NEGLI-GENCE. A child two years of age, without the knowledge of its parents, escaped from its home and strayed upon a railroad track, where it was injured. It did not appear how it got upon the track, or that it was ever known to have been there before, or that its absence had been discovered when the accident occurred. Its father was a butcher, and at the time was at his shop in another part of the city. Its mother, besides the care of her household duties, in which she had no help, had charge of an infant about one month old. *Held,* that under these circumstances the father could not, as a matter of law, be held chargeable with negligence in permitting the escape of the child.

2. ——— : MEASURE OF DAMAGES. A father whose child has been injured through the negligence of another, is entitled to recover, as damages, an amount which will fully compensate him for the loss of service and care of the child, and the expense resulting from the injury for a period not extending beyond the minority of the child, including surgical attention, care, nursing and the like.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

The child was about two years of age at the time of the injury.

*Wells H. Blodgett* for appellant.

*McGaffey & Steber* for respondent.

RAY, J.—The accident and injury complained of in this case, is the same as that which constitutes the subject matter of the action in the case of *Lulu Frick* against the same defendant, (recently decided by this court at the October term, 1881, and not yet reported).* The only difference between the two cases is, that in the former the little girl, who was injured by the accident in question, sought by her next friend, to recover the damages she had sus-

*Se page 595.

tained by reason of the loss of an arm and a leg, the result of said accident; whilst in the present suit the father of that girl is seeking to recover the damages he has sustained by reason of his loss of her services, his care and trouble in nursing and taking care of his child, and the expenses incurred in her surgical and medical treatment consequent upon said injuries. In this case, as in the other, the defendant, at the close of plaintiff's testimony, offered an instruction in the nature of a demurrer to the evidence, which was overruled by the court, and excepted to by the defendant.

At the close of the evidence on both sides, the court gave for the plaintiff, over the objection of the defendant, the following instructions, to-wit:

1. If the jury believe from the evidence that in permitting their child to escape from the control of its mother, and wander upon the track of defendant's railroad, plaintiff or his wife failed to exercise that degree of care and prudence which people in their circumstances and condition in life should exercise toward their offspring, yet such want of care will not operate to defeat plaintiff's right of recovery in this action, if the jury further believe and find from the evidence that the accident by which the child was injured could have been prevented by the exercise of ordinary care and prudence on the part of the servants and employes of the defendant, in charge of the train which caused the accident.

2. It is not evidence of negligence on the part of the defendant, that it had not fenced its railroad at the locality where the alleged injury occurred. But if the jury find from the evidence that defendant, its agents or employes, notwithstanding said road was not required to be fenced, could, by the exercise of ordinary prudence and care, have avoided or prevented the injury to plaintiff's child, then they should find for the plaintiff; and should assess his damages at an amount which will fully compensate and indemnify him for the consequent loss of service and requi-

site care of the child, and expenses which the evidence shows, result from the injury, for a period not exceeding the minority of the child—that is, until she is eighteen years of age; and they should further allow the amount of expenses which the plaintiff has incurred, or become liable for, in consequence of the injury, such as for surgical attention, care, nursing and the like. And if they find for the plaintiff, he is entitled to the foregoing and no more, unless the jury further find that the plaintiff was guilty of negligence directly contributing to the injury.

3. In determining the question as to whether the defendant or its servants and employes were guilty of negligence or want of ordinary care and prudence in the premises, the jury are authorized to and should take into consideration the time of day, the place at which the accident occurred, the manner in which the train was being propelled, the number of dwelling houses in that vicinity, their distance from the track, and the signals and warnings of approaching danger which were given, if any. What would be ordinary care and prudence in running a train of cars in a sparsely populated locality, might be negligence in a more populous district. And it is for the jury to determine, in view of all the facts and circumstances of the case, whether defendant or its servants and employes did exercise ordinary care and prudence.

The court also gave for the defendant the following instructions, to-wit:

2. Although the jury may believe from the evidence that the plaintiff's child was run over and injured by defendant's cars, yet that fact alone does not entitle plaintiff to a recovery in this action; but before the plaintiff can recover he is bound to prove to the satisfaction of the jury that his child was injured in direct consequence of the negligence of the persons who were in charge of the train, and unless he has so proven, the verdict must be for defendant.

3. If the jury believe from the evidence that the per-

sons in charge of the train were exercising care in running, conducting and managing the same, and that they did not discover the child upon the track or see her approaching the same in time to prevent the injury complained of, then the plaintiff cannot recover in this action, and the finding must be for defendant.

4. Defendant had a lawful right to run its trains upon its track, at the place where the injury occurred, either forwards or backwards, and the fact that said train was being run, at said time, with the engine in the rear of the flat cars, does not constitute any negligence on the part of the defendant, or on the part of those who were in charge of said train.

6. There is no evidence in this case tending to show that the plaintiff's child was wantonly or purposely injured by those in charge of defendant's train.

7. If the jury believe from the evidence that the persons in charge of the train were exercising ordinary care in running, conducting and managing the same; and that after the dangerous situation of the child was discovered by them, the train could not have been stopped in time to prevent the injury complained of, then the plaintiff cannot recover in this action; and the finding must be for the defendant.

8. In determining the question, whether the plaintiff or his wife was guilty of negligence, the jury should take into consideration the fact that they permitted the child to go unattended upon the track of the defendant's railroad, where they knew the trains were frequently passing; and if the jury find that they were guilty of negligence which directly contributed to produce the injury complained of, then the finding must be for the defendant.

9. If from all the facts and circumstances in evidence in this case, you believe that the injuries of the said Lulu Frick were the result of accident or misadventure, without any culpable negligence on the part of any one, then the finding should be for the defendant.

The following instructions asked ·by the defendant were refused by the court, and excepted to by defendant:

1.   Under the evidence given in this cause, the jury will find for the defendant.

.   5.   It was negligence for the plaintiff or his wife to suffer or permit the child mentioned in the petition to go unattended upon the track of defendant's railroad, where they knew its trains were frequently passing ; and, under the pleadings and evidence in the case, the plaintiff cannot recover, unless the jury believe from the evidence that the child was wantonly or purposely injured by those in charge of the train.

Under the above instructions the cause was submitted to a jury    They found a verdict for the plaintiff, and assessed his damages at $4,585.    The defendant, in due time, filed its motion for a new trial and in arrest of judgment. The plaintiff then remitted from the verdict the sum of $1,500, and thereupon the court overruled said motions, and gave judgment accordingly ; whereupon the defendant appealed to the St. Louis court of appeals, where the judgment of the trial court was affirmed, from which defendant appeals to this court.

.   The question presented for our consideration is, shall we make a disposition of this case different from that made in the other case ?   The material testimony and controlling legal questions involved in both cases are substantially the same ; and conceding, as we do, that the other case, under the facts and circumstances therein stated, was correctly decided, we are unable, after a careful examination of this record, to see any reason why it should be withdrawn from the operation of the rules there laid down.

The distinction between the two cases, growing out of the doctrine of contributory negligence, if, under the facts 1. PARENT AND of this case, it has any existence, was not CHILD: infant child wandering pressed upon our attention at the oral argu- from home: neg- ligence.     ment, if noticed at all; and we, therefore,

deem it unnecessary to examine it at any great length. It is, perhaps, sufficient to say that the evidence tends to show that the child temporarily escaped from home, and strayed upon the railroad track, without the knowledge or consent of its parents. It does not appear how it got upon the track, or that it was ever known to have been there before, or that its absence from home had been discovered when the accident occurred. Its father, the plaintiff, was a butcher, and at the time was at his shop in another part of the city; while its mother, besides the care of her household duties, at the time had charge of an infant about one month old, and the family were without servants or other help. It cannot, therefore, he held, as a matter of law, that the plaintiff actively permitted or consented to his child's going upon the railroad track; or that he failed to exercise such care for the safety of his child as ordinarily prudent persons, in his situation, deem proper and sufficient in like circumstances. If so, he is not chargeable, as a matter of law, with contributory negligence, and while the instructions on this point, in their phraseology, are somewhat objectionable and inapplicable to the facts of the case, they furnish no sufficient reason for a reversal. *O'Flaherty v. U. P. R. R. Co.*, 45 Mo. 74; 38 N. Y. 455; *Boland v. Mo. R. R. Co.*, 36 Mo. 489; 72 Pa. St. 172; Cooley on Torts, 682; *Huelsenkamp v. Citizens' R'y Co.*, 37 Mo. 552; *Koons v. St. Louis, I. M. & S. R'y Co.*, 65 Mo. 596; *Stillson v. Hann. & St. Jo. R. R. Co.*, 67 Mo. 671.

As to the measure of damages, the instructions given on that subject seem to be in harmony with prior rulings of this and other courts on the same subject.

2. ——: measure of damages.

*Smith v. St. Joseph*, 55 Mo. 456; Hilliard on Remedies for Torts, (2 Ed.) p. 633, § 14; 26 N. Y. 49; 48 Pa. St. 320.

In the other case the conclusions reached and announced, were arrived at after a patient examination of the authorities and an earnest discussion of the legal questions involved. At the re-argument of this case these au-

548    SUPREME COURT OF MISSOURI,

thorities and questions have again undergone a searching, able and interesting re-examination and discussion by counsel on both sides. We have given this re-examination and discussion a thoughtful consideration ; and while impressed with the importance of the question, as well as the varied and conflicting rulings suggested by the argument, we have not been able to find any sufficient reasons for changing the conclusions heretofore reached and announced. The judgment of the St. Louis court of appeals affirming that of the trial court, is, therefore, affirmed.    All the judges concur, except SHERWOOD, C. J., who dissents.