RUSHENBERG *et al.*, *Appellants*, v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

DIVISION ONE.

1. **Negligence**: RAILROAD: INJURY TO CHILD ATTRACTED UNDER CAR:· PLEADING. Plaintiffs sought recovery against a railroad company for· the death of their child, claiming that the company permitted ice, while it was being unloaded from their cars, to fall under and around the same thereby attracting children of tender years, and that while plaintiffs' child was so attracted under the cars the company carelessly and negligently bumped a long train of cars against those· loaded with ice and ran one over the child, causing its ·death. *Held*,. that the petition was fatally defective, *first*, in failing to charge that the company had part in loading or unloading the cars; *second*, in not. alleging that the cars were being unloaded in a negligent manner, and, *third*, in not stating the time the child was under the car before· it was moved.

2. ————: ————: ————. The company owed the child no duty until. after it became aware of its peril.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Virgil Rule* for appellants.

(1) A railway company offering an attraction to· children to play about its dangerous machines or agencies, exposed in a locality where it is accessible to them, will be liable for injuries resulting therefrom. *Fink v. Furnace Co.*, 10 Mo. App. 69; *Stout v. Railroad*, 2 Dill. 294; *Ostertag v. Railroad*, 64 Mo. 421; *Lynch v. Nurdin*,· 1 Q. B. 29; *Crafton v. Railroad*, 55· Mo. 580; *Morrow v. Railroad*, 29 Mo. App. 437; *Brown· v. Railroad*, 27 Mo. App. 398; *Koons v. Railroad*, 65· Mo. 592; *Nagel v. Railroad*, 75 Mo. 653; *Schmidt v. Kansas, etc., Co.*, 90 Mo. 293; Whittaker's Smith on Negligence, 414–416 (cases reviewed); Beach on Contributory Negligence, p. 132, *et seq.*; 2 Thompson on Negligence, 1186, note, 1196. (2) It is for the·

jury to consider the age and circumstances of the child in each particular case, and say whether or not he was able to comprehend the danger of his situation, and, therefore, be guilty of negligence. *Fink v. Furnace Co.*, 10 Mo. App. 69; *Nagel v. Railroad*, 75 Mo. 653; *Saare v. Railroad*, 20 Mo. App. 211; *Dwyer v. Railroad*, 12 Mo. App. 597; *Ostertag v. Railroad*, 64 Mo. 421; *Donahoe v. Vulcan*, 7 Mo. App. 501; Whittaker's Smith on Negligence, 414–416. (3) If defendant's servants in charge of its train knew or by the exercise of reasonable care might have known that deceased was in a place of danger, it was their duty to use every precaution to prevent injuring him. *Frick v. Railroad*, 75 Mo. 610; *Donahoe v. Railroad*, 83 Mo. 55; *Williams v. Railroad*, 96 Mo. 280 (and cases cited); *Roland v. Railroad*, 36 Mo. 484.

*H. S. Priest* and *H. G. Herbel* for respondent.

The petition does not state a cause of action; it does not allege that respondent loaded or unloaded the cars; does not even charge that the cars were unloaded in a negligent manner. The mere fact that respondent might have discovered plaintiffs' son under the cars if its employes had searched for him does not furnish a ground of action, because no duty existed to look for him. *Railroad v. Hurt*, 13 S. W. Rep. 275; *Curley v. Railroad*, 98 Mo. 17; *Corcoran v. Railroad*, 16 S. W. Rep. 411. But even children cannot recover unless there is negligence, and there can be no negligence without a breach of duty. *Railroad v. Plasket*, 26 Pac. Rep. 401; *Railroad v. Schwindling*, 8 Am. & Eng. R. R. Cases, 546.

SHERWOOD, P. J.—Action for $5,000 damages brought by father and mother as plaintiffs against the
VOL. 109—8

defendant company, for causing the death of their minor son on the twenty-third day of June, 1888, who was crushed beneath a carwheel while standing under one of a long train of freight cars on the defendant's tracks which extend north and south on First street at its intersection with Cherokee street.

The cars, it seems, were loaded with ice and while being unloaded, pieces of ice fell under and around the cars, whereby children were attracted there, and were accustomed to be attracted there by such ice, gathering the same; that while said minor was gathering ice, with other children of tender years, about and under said cars, thus standing on the tracks, the defendant carelessly and negligently bumped a long train of cars against the cars standing on the said tracks, so that said minor was caught under the wheel of the standing cars, receiving fatal injuries.

Stated at large, the allegations of the amended petition, omitting formal parts, were the following: That defendant now, and at the times hereinafter set forth, owned and operated, or had under its immediate charge and control, a certain railway and tracks extending north and south, along and upon First street, at its intersection with Cherokee street in said city, and at said times kept long trains of cars standing on, and run its cars and locomotives back and forth over, the said track.

"And plaintiffs state further, that on or about the twenty-third day of June, 1888, and for a long time prior thereto, defendant company, by and through its employes, agents and vice-principals, kept long trains of cars standing on said tracks for the purpose of having them loaded with and unloaded of ice; that by the manner in which the said cars were loaded and unloaded pieces of the ice fell under and around said cars, and by reason thereof children of the neighbor-

hood, including said Rushenberg, deceased, then about eight years of age, were attracted there and induced to congregate under and around the same for the purpose of gathering said pieces of ice; that the said cars were machines or agencies, dangerous in their very nature and character, and that the said pieces of ice offered an attraction to children to come there for the purpose of gathering the same, and their location under and around said cars made it a place dangerous for children to be near; that by reason of said attraction, said place became resorted to by the public, and children of tender years, including the said Rushenberg, deceased, who were accustomed to congregate around and under the said cars; and that all these facts were known, or by the exercise of reasonable care might have been known, to defendant company, but that, notwithstanding the premises, defendant in neglect of its duty took no precaution to prevent accidents of the character hereinafter set forth, and in consequence thereof the said place, being then and there, in neglect of defendant's duty, left unguarded and inviting to children, the said Rushenberg, deceased, without fault or neglect on the part of his parents, was gathering ice with other children of tender years about and under said cars; that defendant, acting by and through its agents and employes, knowing or having reason to believe that children, and said Rushenberg, deceased, were under or around one of the said cars, caused a long train of cars, carelessly and negligently, to be bumped against the cars standing on said tracks, so that the said Rushenberg, deceased, was caught under the wheels thereof and one whole car and half of another passed over his body, inflicting injuries from which he died in a short time thereafter.

"Wherefore, plaintiffs pray for judgment against the defendant for the sum of $5,000, as is by statute in

such cases provided, together with the costs of this suit.''

The defendant demurred to the petition on the ground that it did not state facts, etc. The trial court held the petition insufficient in law, and the plaintiffs declining to plead further gave judgment for defendant; hence, this appeal.

The sufficiency of the petition is, then, the only question the record presents. It will be observed that the petition does not charge that the *defendant* loaded or unloaded these cars; it merely states that the defendant ''kept long trains of cars standing on said tracks for the purpose of having them *loaded with and unloaded of ice.''* It does not directly or indirectly charge that the defendant had any hand whatever in such loading or unloading. In the absence of any such allegation, it is not seen how the *defendant* can be held responsible for any attraction that the pieces of ice falling to the ground while the cars were being loaded or unloaded furnished to the children of the neighborhood. If thus responsible, then any railway company is equally responsible for injuries received by children while its cars are receiving or being discharged of any commodity at the warehouse of any merchant or the mill of any miller, no matter whether the railway company was engaged in the act of receiving or discharging such freight or not. If such be the law, it must be confessed that it goes further than any case as yet decided.

Nor does the petition even so much as charge that the cars were being loaded or unloaded in a *negligent* manner. That particles of ice should fall to the ground while cars are being loaded or unloaded would seem quite an ordinary, if not an inevitable result, of such an operation.

Nor does the petition charge how long the minor son of plaintiff had been under the car before it began to move; for all to the contrary that the petition contains, the boy may have gone under the car just at the moment the long train of cars bumped against the one under which the plaintiff's son was. The defendant company owed the child no duty, unless after being aware of its peril.

The turntable cases are obviously distinguishable from this one; because a train of cars is not inherently dangerous as is a turntable. Nor is this case like those where the *employes* of a railway company, in unloading salt from the cars, carelessly spilled salt upon the track and let it remain there, thereby attracting cattle to the track; for here it is not charged that defendant's employes were engaged about the ice in any manner. Nor is this case like *Schmidt's case*, 90 Mo. 284; for there the escape pipe was capable of being *inclosed;* not so, however, with the cars on a public street. Nor is this case like *Frick's case*, 75 Mo. 542; for there the public, by long usage, had acquired a prescriptive right to cross the track at a certain point; and the persons there crossing were not trespassers, but *quasi* licensees of the railway company, as to whom that company owed a duty.

The operation of railroad trains would certainly be rendered impracticable, if it should be declared to be the law, that before a freight train could be moved, or its cars backed up against one another, an inspection would first have to occur of every car to see if, by any possibility, any trespasser was in a situation to be injured, in case the cars were moved. The court below rightly held that the petition stated no facts, etc., and its judgment should be affirmed. All concur.