RUFUS D. BUCK, Respondent, v. PEOPLE'S STREET
RAILWAY, ELECTRIC LIGHT & POWER COMPANY,
Respondent.

Kansas City Court of Appeals, November 9, 1891.

1. **Pleading**: SERVICE OF CHILD : ALLEGATION OF SERVANT : INSTRUC-
TION. A petition of the father for the loss of services of an infant
son, by reason of injuries received through defendant's negligence,
is not fatally defective because it fails to allege specifically that
said son is the servant of the plaintiff, when the relation of father
and son, the infancy of the son, and the right of the father to the
services of the son, are fully set out. Such petition defectively
states the plaintiff's title to his right of action, but does not wholly
fail to state a title at all; an instruction on the same point is
approved.

2. **Parent and Child**: FATHER'S RIGHT TO SERVICE. The right of
action to recover for the services of the child is presumed to be in
the father, and continues in him till the child's emancipation is
shown or the right is waived ; and this right grows out of, and
is correlative to, the father's obligation to support.

3. **Pleading**: PRACTICE : CAUSE OF ACTION : OBJECTION : AIDER BY
VERDICT. Both under the common law and the statute. when any-
thing is omitted in the declaration, though it be matter of sub-
stance, if it be such that, without proving it at the trial, the
plaintiff could not have had a verdict, and there is a verdict for
plaintiff, such omission is no cause for arresting or reversing the
judgment ; and the rule is established in this state that, if material
matter is not expressly averred, but is necessarily implied, the
defect is cured by verdict. If, in such case, defendant pleads to
the merits, he waives objection to mere formal defects, and will
not be heard at the trial, or on appeal, to object that the petition
does not state a cause of action, which objection can only be inter-
posed when the petition wholly fails to state a cause of action.

4. **Negligence**: CONTRIBUTORY NEGLIGENCE : DEMURRER TO EVI-
DENCE : INSTRUCTION. A six-year-old boy was permitted by the
driver and conductor of a street car to ride on the front platform
of the car, and to undertake to alight from said platform, and,
while in the act of so alighting, by a sudden lurch forward he was
thrown off and under the car and injured. *Held*, a sufficient
statement of fact to go to the jury on the question of negligence,
in an action by the father for the loss of service ; and that the
father's consent for the son to ride upon defendant's car is not
such contributory negligence as to take the case from the jury, as
such consent is not the direct and proximate cause of the injury.
An instruction ignoring contributory negligence approved.

5.    ———: CHILD : AUTHORITY OF DRIVER : FARE : PASSENGER : PRE-
SUMPTION.   *Held, arguendo : —*

    (1)   Negligence cannot ordinarily be imputed to a six-year-old
child.

    (2)   It is within the scope of the employment of a driver who is
also a conductor to receive passengers on the car; and to let
them off.

    (3)   The omission of the driver to demand or collect fare could
not affect the boy's *status* as a passenger, or his right to the
exercise of the highest possible degree of care and vigilance
in the conduct and management of the car ; and defendant
would be liable for the slightest negligence.

    (4)   If the plaintiff consented to his son accepting the invitation
of the defendant's driver to ride upon the car, the former
had the right to presume that the driver would assign his
son to some safe place in the car, instead of needlessly
exposing him to the risk and peril of riding on, and getting
off, the front platform.  Presumptions as to comparative
safety of the public streets and street-cars for children are
mentioned in the opinion.

6.    ———: DEFINITIONS : REASONABLE CARE.  Reasonable care and
prudence imply the converse of negligence ; and, if reasonable care
and prudence would have prevented the injury, then defendant is
guilty of negligence.

7.    Damages: LOSS OF CHILD'S SERVICES.  Where a child has been
injured through the negligence of another, the father is entitled to
recover, as damages, an amount which will fully compensate him
for the loss of service and the care of the child, and expense
resulting from the injury, for a period not extending beyond the
maturity of the child, including surgical attention, care, nursing,
medicine and the like.

8.    Witnesses : COMPETENCY OF CHILD.  The action of the trial court
in permitting the six-year-old injured boy to testify is reviewed
and affirmed.

*Appeal from the Buchanan Circuit Court.*—HON.
A. M. WOODSON, Judge.

AFFIRMED.

*James W. Boyd* and *D. D. Burnes,* for appellant.

(1)  It was error to refuse the instruction asked by
appellant, declaring that respondent was not entitled to
recover in this case.  Said instruction ought to have been

given for several reasons : *First.* The petition does not state facts sufficient to constitute any cause of action. *Second.* The evidence fails to make out a case against appellant. Plaintiff's evidence fails to show any negligence on the part of appellant, but does show such contributory negligence as will defeat the alleged cause of action. *Dunn v. Railroad,* 21 Mo. App. 188 ; *Matthews v. Railroad,* 26 Mo. App. 75 ; *Murray v. Railroad,* 101 Mo. 236 ; *Kellney v. Railroad,* 101 Mo. 67; *Schlereth v. Railroad,* 96 Mo. 509 ; *Keitel v. Railroad,* 28 Mo. App. 657 ; *Florida v. Car Co.,* 37 Mo. App. 598 ; *Schultze v. Railroad,* 32 Mo. App. 438 ; *Hudson v. Railroad,* 101 Mo. 13. ( 2 ) The court committed error in giving instruction, numbered 1, asked by respondent. Said instruction, entirely ignores the questions as to whether Orley Buck was plaintiff's servant at the time of the accident, and whether plaintiff by said accident lost said Orley's services, or was damaged, or sustained any loss, by said accident. 21 Mo. App. 188, *supra ;* 26 Mo. App. 75 ; *Bank v. Metcalf,* 29 Mo. App. 384 ; *Hoffman v. Parry,* 23 Mo. App. 20 ; *Fitzgerald v. Haywood,* 50 Mo. 516 ; *Raysdon v. Trumbo,* 52 Mo. 35 ; *Thompson v. Betts,* 8 Mo. 710 ; *Chouquette v. Barada,* 28 Mo. 491 ; *Merrit v. Givan,* 34 Mo. 98; *Turner v. Loles,* 34 Mo. 461 ; *Moffatt v. Conklin,* 35 Mo. 453; *Sawyer v. Railroad,* 37 Mo. 240 ; *Ins. Co. v. Seminary,* 52 Mo. 480 ; *Gerren v. Railroad,* 60 Mo. 405 ; *Peck v. Ritchey,* 69 Mo. 114 ; *State v. Wheeler,* 79 Mo. 366 ; *Wilkerson v. Thompson,* 82 Mo. 317 ; *Conner v. Taylor,* 82 Mo. 347; *State v. Hecox,* 83 Mo. 531 ; *Maxwell v. Railroad,* 85 Mo. 95 ; *Bank v. Crandall,* 87 Mo. 208. ( 3 ) The court committed error in giving instruction, numbered 3, asked by respondent. Said instruction is erroneous ; it is not based on the pleadings or evidence ; it is an enlargement of the issues made by the pleadings. *Price v. Railroad,* 72 Mo. 414 ; *Bank v. Murdock,* 62 Mo. 70 ; *Campbell, Adm'r, v. Heelan,* 43 Mo. 591 ; *Moffatt v. Conklin,* 35 Mo. 453 ; *Bank v. Westlake,* 21 Mo. App. 565 ; *Bank v.*

*Metcalf*, 29 Mo. App. 384 ; 21 Mo. App. 188, *supra ;* 26 Mo. App. 75, *supra ; Current v. Railroad*, 86 Mo. 67 ; *Abbott v. Railroad*, 83 Mo. 278 ; *Glass v. Gelvin*, 80 Mo. 297 ; *Benson v. Railroad*, 78 Mo. 504 ; *Wade v. Hardy*, 75 Mo. 394. ( 4 ) The court committed error in giving instruction, numbered 5, asked by respondent. ( 5 ) The instructions given by the court on its own motion are erroneous. ( 6 ) The court committed error in refusing to give the instructions asked by appellant. ( 7 ) The court committed error in permitting Orley Buck to testify. He was only six years old at the time of the accident, and had not sufficient memory, recollection or intelligence to testify in the case at the time of the trial thereof.

*Ryan & McDonald,* for respondent.

( 1 ) The competency of the witness, Orley Buck, was a question peculiarly for the trial court, which has the witness before it, to determine, and, unless it clearly appears from the evidence that the trial court has abused the discretion with which it is invested in that respect, the appellate court will not interfere with the ruling of the lower court. *State v. Scanlan,* 58 Mo. 204 ; *State v. Jefferson,* 77 Mo. 136 ; *Cadmus v. Bridge & Tunnel Co.,* 15 Mo. App. 86 ; *Ridenhour v. Railroad,* 102 Mo. 171. ( 2 ) Considering the age of the child, Orley Buck, the fact that he was on the car at the solicitation of defendant's agent and in his charge, that with the consent and full knowledge of said servant he attempted to alight from a peculiarly dangerous part of the car under the very eyes of the servant, the evidence shows conclusively the grossest negligence and the most culpable disregard of the dictates of ordinary prudence and care upon the part of the servant after he became aware of the intention of the child to alight, and of his dangerous position in so doing, and eliminates every

element of contributory negligence if any there was. *Donahue v. Railroad*, 91 Mo. 365 ; *Werner v. Railroad*, 88 Mo. 368 ; *Kelley v. Railroad*, 75 Mo. 140 ; *Frick v. Railroad*, 75 Mo. 61 ; *Zimmerman v. Railroad*, 71 Mo. 484 ; *Harlan v. Railroad*, 65 Mo. 26 ; *Isabel v. Railroad*, 60 Mo. 475. ( 3 ) The allegation of the question of service is, "and has and will be deprived of the services of his said son of the value of $4,000, to plaintiff's damage in the sum of $4,000." This is a distinct and clear allegation, both that the son owed services, and that they were lost to the father. If, however, the petition does not state the relation of master and servant as fully as it should, the objection should have been made, as it was not, in the trial court so that an amendment could have been effected ; it comes too late after verdict, and for the first time in this court. *Spurlock v. Railroad*, 93 Mo. 538 ; *Grove v. City of Kansas*, 75 Mo. 672 ; *Berthold v. Ins. Co.*, 2 Mo. App. 311 ; *State v. Court*, 51 Mo. 522. See also reasoning of Judge THOMPSON, in *Malthews v. Railroad*, 26 Mo. App. 85. ( 4 ) Respondent's instruction, numbered 3, read in conjunction with appellant's instruction, numbered 3, and the court's instructions, numbered 12 and 13, presented the law as fully and favorably as appellant could well ask. ( 5 ) The cases of *Smith v. City of St. Joseph*, 55 Mo. 456, 459 ; and *Frick v. Railroad*, 75 Mo. 542, sanction fully the action of the court in giving instruction, numbered 5, asked by respondent on the rule of damages.

SMITH, P. J.—This is an action by the plaintiff against the defendant, a street railway company, for damages for an alleged injury to his infant son, Orley, who was at the time alleged about six years old. The material allegations in the petition are, that while said Orley was a passenger on appellant's car he attempted to alight from the front platform of the car, but, before

he had time and opportunity to safely alight therefrom, the driver of said car suddenly, carelessly and negligently started said car forward and caused it to run against and over him, injuring and mangling his leg, rendering him a cripple for life, "by reason whereof plaintiff has laid out and expended large sums of money, to-wit, $1,000, for nursing, drugs and medical attendance for his said son; and has and will be deprived of the services of his son of the value of $4,000."

The answer is a general denial, and it further alleges, that, if the plaintiff was damaged, it was solely on account of his own negligence and the negligence of said Orley contributing directly thereto. The plaintiff had judgment for $1,100, and from which defendant appealed.

I.   The defendant here assaults the judgment on the ground that the petition does not state facts sufficient to constitute a cause of action. The specific objection being, as we understand it, that the petition does not expressly allege that the plaintiff's child was his "servant" at the time of the injury. While it is true the petition fails to allege this fact, it does allege by reason of the injury that plaintiff will be *deprived of the services of his child,* etc., as the petition states that the child is an infant, only six years old, and that the plaintiff is his father, and that in consequence of the injury received by the child that the plaintiff would be deprived of his services. We would have supposed these allegations sufficient without the express averment that the child was plaintiff's servant. The allegation that the plaintiff is the father of the child, and that the services of the latter have been, or will be, lost to the former in consequence of the injury, furnish an ample base for the inference that the child is, or was, the father's servitor. The right of action to recover for the services of the child is presumed to be in the father—is *prima facie* in him. Schouler's Domestic Rel., sec.

251; *Monughan v. School Dist.*, 38 Wis. 100; *Campbell v. Cooper*, 34 N. H. 49. It seems to us that the under-lying principle of this doctrine is, that the father's obligation to support, and his right to receive wages, commence together, and ought always to terminate together. This obligation and right are correlative. The latter grows out of the former. *Campbell v. Cooper*, 34 N. H., *supra*. This presumptive right of action in the father for services of the child would, no doubt, continue until it be shown that the father had emancipated the child or waived his right to his services, or for some other reason is not entitled thereto, and this would be a matter of defense. According to the principles just stated, it seems to us that the facts stated in the petition are sufficient to entitle the plaintiff to recover for the loss of the services of his infant son.

In the light of the ruling made by the St. Louis Court of Appeals in *Matthews v. Railroad*, 21 Mo. App. 188, the allegation here that plaintiff has been deprived of his child's services renders the petition sufficient. The majority of the judges of the same court, however, in *Matthews v. Railroad*, 26 Mo. App. 75, declared that the petition in that case stated no ground for the recovery of damages, "in respect of loss of services, because it was not alleged the child was the *servant* of the plaintiff at the time of the injury. This rule of pleading is invoked by the defendant here for the first time, but owing to the state of the record, as we shall presently show, it is inapplicable to a case of this kind, so that it is not necessary for us to express our views of this rule further than has been already intimated.

If the petition was defective from the reason contended by defendant, it should have seasonably objected to the introduction of evidence to support the allegation defectively made. The failure, as was the case, to make this objection in the court below, where it could have been met by an amendment, must be here held to operate as a waiver of that objection. Both under the

common law and the statute, when anything is omitted in the declaration or petition, though it be a matter of substance, if it be such that, without proving it at the trial, the plaintiff could not have had a verdict, and there be a verdict for plaintiff, such omission shall be no cause for arresting or reversing the judgment. Tidd's Practice, 979 ; R. S., sec. 2113.  A verdict will aid a title defectively set out, but not a defective title, or, in other words, nothing is to be presumed after verdict but what is expressly stated in the declarations or necessarily implied from the facts stated.  Bliss on Code Pleading, sec. 438; Tidd's Practice, 919 ; 1 Saunder's Rep. 228, note 1.

The rule is now well established by the adjudications in this state that, if a material matter is not expressly averred in the pleading, but is necessarily implied from what is stated therein, the defect is cured by verdict in favor of the party pleading.  If the defendant in such case pleads to the merits he thereby waives the objection to the mere formal defects, and will not be heard at the trial, or on appeal, to object that the petition does not state a cause of action.  Such an objection can only be interposed when the petition fails to state any cause of action, not where one is defectively stated.  *Grove v. City of Kansas*, 75 Mo. 672 ; *Bavie v. Kansas City*, 51 Mo. 454 ; *Elpart v. Seiler*, 54 Mo. 134; *Sparlock v. Railroad*, 93 Mo. 538; *Berthold v. Ins. Co.*, 2 Mo. App. 311 ; *State v. County Court*, 51 Mo. 522.  The worst that can be said of plaintiff's petition is, that it defectively stated the plaintiff's title to the right of action, not that it wholly failed to state a title at all, and, therefore, it is not subject to the objection that it did not state a cause of action.

II.   The defendant further contends that the circuit court erred in refusing to direct the jury that, under the law and the evidence, the plaintiff was not entitled to recover.  The defendant urges as grounds in support of this contention, that the evidence fails to show

any such negligence on part of defendant, but does show such contributory negligence as ought to defeat the plaintiff's alleged cause of action. We do not so understand the evidence. That part of it tending to show that the plaintiff's son, while riding on the front platform of the car with the driver, who, it seems, occupied the dual position of conductor and driver of the car, told the latter when the car reached the block in which he lived that he wanted to get off there; that thereupon the driver slowed up the car to nearly a standstill, and that *while the boy was in the act of alighting from the front platform thereof,* where he had been received and was standing, the car gave a sudden jerk or lurch forward, throwing him off the platform, and under the car, was, in our opinion, sufficient to authorize the submission of the case to the jury on the question of defendant's negligence. *Muehlhausen v. Railroad,* 91 Mo. 332. Especially does this appear to be so, in view of the fact that the plaintiff's son, while under the very eyes of the driver, and with his full knowledge and consent, was permitted to get off from the most dangerous part of the car, and, while so doing, the car was suddenly started forward, which resulted in the injury complained of.

Negligence cannot ordinarily be imputed to a child of the age of six years, for it would not be presumed of sufficient capacity or discretion to understand the danger of getting off and on street railway cars, and to guard against it. *Railroad v. Caldwell,* 74 Pa. St., *supra.* It was within the scope of the employment of the driver, who was the conductor of the car in question, to receive passengers on the car and let them off. *Wilton v. Railroad,* 107 Mass. 103; *Rairdon v. Railroad,* 104 Mass. 117.

The plaintiff's son was received as a passenger. This fact cannot be affected by the omission of the driver to demand or collect fare. He was a full-fledged passenger, and as such he was entitled to the same protection, and to have the car managed with as much care, as if he had paid his fare. *Muehlhausen v. Railroad,*

91 Mo. 332; *Sherman v. Railroad*, 72 Mo. 63; *Wagner v. Railroad*, 97 Mo. 512; *Wilton v. Railroad*, 102 Mo. 108; *Wilton v. Railroad*, 105 Mo. 130; *Railroad v. Wheeler*, 35 Kan. 185; *Railroad v. Muhling*, 30 Ill. 9. In the case at bar, the invitation to the plaintiff's son to ride was an act within the general scope of the driver's employment, and, if the boy accepted it innocently, he was not a trespasser. It follows that, if the plaintiff's son being lawfully upon the car using due care for one of his years at the time of the injury, the defendant is liable for such injury, if it was occasioned by the negligence of the driver.

The plaintiff's son sustaining to defendant the relation of passenger at the time of the injury, the common-law liability of the defendant attached. Defendant owed him, as such passenger, the duty to exercise the highest possible degree of care and vigilance in the conduct and management of its cars in every particular, with the view to his safety, without reference to whether he was a passenger for hire or a free passenger. Beach on Contributory Neg. 153, and cases there cited; *Kelley v. Railroad*, 70 Mo. 604; *Price v. Railroad*, 72 Mo. 414. And for the slightest negligence or carelessness in these respects the defendant is liable. *Lemon v. Chanslor*, 68 Mo. 340; *Railroad v. Hust*, 93 U. S. 291; *Jacobs v. Railroad*, 20 Minn. 125; *Railroad v. Derby*, 14 How. (U. S.) 468.

While the plaintiff's son was in the act of alighting from the defendant's car there was a sudden jerk, or forward movement, which threw him off the platform and caused his injury. This constituted a breach of defendant's duty, and, for any injury arising therefrom, there would be liability. And whether there was a breach of the duty, of which there was some evidence, was a question for the jury.

In *Railroad v. Bohn*, 27 Mich. 503, it was said "a railway car, however, is not supposed to be a dangerous vehicle of conveyance to those who take it * * *.

A mother, who consents to her infant children going upon the cars, is supposed to know that it is a reasonably safe conveyance. She may also be supposed to know that the proprietors have regulations which preclude persons riding in unsafe positions upon it, and that the persons in charge have authority to enforce these regulations. She will, therefore, with reason expect that her children, if they lack judgment to decide for themselves what the dangerous positions are, will be warned and kept out of them by the authority of those in charge. Under such circumstances the mother may, with the utmost confidence, intrust her children to the street car on the supposition that, instead of sending them into unusual danger, she has actually placed them where they will be safer than upon the public streets on foot. She can consequently be guilty of no negligence in permitting them to take cars by themselves, if they have reached the age which would justify them being suffered on the public streets." If the plaintiff consented to his son accepting the invitation of the defendant's driver to ride on the defendant's car, the former had a right to presume that the driver would assign his son to some safe place on the car, instead of needlessly exposing him to the risk and peril of riding on, and getting off, the front platform of the car. It seems to us that under the circumstances of this case, that the plaintiff's son was a special passenger, and that the defendant's driver owed plaintiff and his son the duty of extraordinary care and vigilance for his safety.

The defendant's further insistance is, that the parents of the boy were guilty of contributory negligence in consenting that he ride upon the defendant's car; that had it not been for their consent the boy would not have accepted the invitation of the driver, and so would not have been upon the defendant's car and injured by reason thereof. Admitting that the plaintiff was guilty of negligence in thus giving the boy

license to ride on defendant's car, still ought this fact to preclude his recovery. Manifestly not, unless this negligence contributed to the injury. To be thus contributory, in a legal sense, it must be the direct and the proximate cause of the injury ; that is, it must have been near in the order of causation ( Shearman & Redfield on Neg. 37–38 ), and must have contributed, to some extent, directly to the injury, and must have been not a mere technical or formal wrong, contributing either incidentally or remotely or not at all to the injury. *Isbee v. Railroad*, 27 Conn. 303 ; Redfield, Railway Cases, 485, 490. Now, notwithstanding the negligence of the plaintiff in consenting that the boy ride on defendant's car, and that the latter would not have been injured had he not been there, his presence there, with the knowledge and consent of the defendant's driver and conductor, made it the duty of defendant to exercise care to avoid injuring him while there, or while endeavoring to leave the car. If the boy was injured from the want of such care, *i. e.*, negligence on defendant's part, such negligence and not that of plaintiff in consenting that the boy ride on the car, or to his presence there, was the immediate and direct, the mere proximate, cause of the injury, and defendant is liable therefor. *Huelsenkamp v. Railroad*, 37 Mo. 537 ; *Root v. Car Co.*, 28 Mo. App. 199 ; *Ashbrook v. Railroad*, 18 Mo. App. 290 ; *Bell v. Railroad*, 86 Mo. 599 ; *Rine v. Railroad*, 88 Mo. 392.; *Jacobs v. Railroad*, 20 Minn. 125 ; *Railroad v. Elliot*, 4 Ohio St. 476 ; *Keith v. Pinkham*, 43 Me. 503 ; *Richmond v. Railroad*, 18 Cal. 351 ; *Railroad v. Chenowith*, 52 Pa. St. 386 ; Shearman & Redfield on Neg., sec. 25.

Not only do we think there was sufficient evidence to authorize the submission of the case to the jury on the question of defendant's negligence, but the evidence did not show that kind and degree of contributory negligence that would preclude plaintiff's recovery.

III. The defendant further complains of the action of the court in giving the plaintiff's first instruction, on the ground that it ignores the question as to whether the plaintiff's boy was his servant at the time of the injury, and whether he lost his services by reason of such injury. As to this objection, it is sufficient to say that what was remarked in the first paragraph of this opinion is a complete answer to it. There was no assumption by this instruction of any fact not within the pleadings. The evidence tended to show every fact embraced within its hypothesis. The uncontradicted evidence shows that the plaintiff's son was in so far his servant that he was entitled to his services. There was nothing in the least tending to show that he was not so entitled. It is never error in an instruction to assume a fact not contradicted in the evidence. *Bart v. Hatch*, 98 Mo. 378; *Carroll v. Railroad*, 88 Mo. 239.

This instruction, when read in connection with the others for plaintiff, fairly submits the case under the pleadings and evidence. *Muehlhausen v. Railroad*, *supra*; *Whalen v. Railroad*, 60 Mo. 323; *Karl v. Railroad*, 55 Mo. 476.

IV. The defendant's further complaint is that the plaintiff's third instruction ignored the defense of contributory negligence. This defense was not in the case further than it was disclosed by the evidence of the plaintiff. We have already decided that it did not tend to show that the plaintiff or his child was guilty of any such contributory negligence as would bar plaintiff's recovery. The defendant did not introduce any evidence to sustain this defense. The plaintiff's instructions, therefore, very properly omitted any reference to it. This instruction was not erroneous in directing the jury that, if the defendant's car driver could have, by the exercise of reasonable care and prudence upon his part, prevented the injury, the defendant was liable. "Reasonable care and prudence," imply the converse of negligence. Now, if the jury found from the evidence

that the injury, the result of the act, could have been prevented, had the car driver exercised reasonable care and prudence, would not the charge in the petition have been sustained? This would have been equivalent to finding that the defendant's car driver had been negligent in the discharge of his duty to plaintiff's son.

VI.   The defendant finally complains of the action of the trial court in giving the plaintiff's fifth instruction which informed the jury that, if they find for the plaintiff, they will assess his damages at such sum as they may believe from the evidence will be a fair compensation for the loss of service, if any, already sustained, and for the loss of service, if any, in the future, to the time of the arrival of the plaintiff's son at the age of twenty-one, if they further find from the evidence, taking into consideration the nature and character of the injury sustained, that plaintiff will suffer any loss of his son's service to that date; and such further sum as they may find from the evidence will be a reasonable and fair compensation for necessary medicines, medical attendance and nursing expended and paid out or contributed to be expended or paid out by plaintiff. This instruction was authorized by the evidence and the law as it is established in this state. The rule is that, when a child has been injured through the negligence of another, the father is entitled to recover, as damages, an amount which will fully compensate him for the loss of service and care of the child and the expense resulting from the injury, for a period not extending beyond the majority of the child, including surgical attention, care, nursing, medicine and the like. *Frick v. Railroad*, 75 Mo. 542; *Smith v. Railroad*, 55 Mo. 446; *Dunn v. Railroad*, 21 Mo. App. 188. The evidence showed that plaintiff had paid about $600 for surgical attention and medicine for the boy; that the services of a nurse for him during the time required was reasonably worth from $1 to $3 per day; that the boy was confined to his bed about three months during which he required careful nursing. The plaintiff the only witness who

testified as to the effect of the injury, which one of the doctors stated was of a permanent character, would have on the value of the boy's services until he should attain his legal majority, stated that it would be diminished one-third, and that the services of a boy like his would be, for the time just stated, of the value of from $2,000 to $2,500. There was no objection preserved to this, or any other evidence offered. So that we cannot say there was no evidence upon which to base the instruction. Nor do we think the verdict, in view of the uncontradicted evidence, is by any means excessive.

VI. The instructions given by the court on its own motion, with those given at the instance of defendant on its behalf, were exceedingly favorable to defendant. We can discover no error in the action of the court in refusing ten of the instructions asked by defendant. The principles they asserted were either embraced in others given, or they were erroneous and inapplicable to the case.

VII. We think the examination of the boy as to his competency as a witness fully demonstrates the propriety of the action of the court in permitting him to testify. We see nothing in his examination that in the least calls for any interference by us with the action of the court.

The judgment of the circuit court will be affirmed. All concur.