———o———

THOMAS C. BOWIE, JR., Plaintiff in Error, *vs.* THE CITY OF KANSAS, Defendant in Error.

1. *Practice, civil—Judgment—Final, what is—Dismissal.*—Where, after a judgment for plaintiff, a motion in arrest is sustained, and the plaintiff given leave to amend his petition, and upon his refusal to amend, the case is dismissed, the dismissal is such a final judgment as will support an appeal or writ of error.

2. *Statute, construction of—Act incorporating City of Kansas a public act— Judicial notice.*—Under § 12, art. 11, of the act incorporating the City of Kansas, (Sess. acts 1867, p. 18,) which provides that "this act is hereby declared to be a public act, and may be read in evidence in all Courts of law and equity in this State without further proof," it was intended to make that act a public act so that the Courts would take judicial notice of it. When the existence of a corporation is admitted, if a public corporation within the State, and particularly if it is a municipal corporation, the Courts are judicially informed of the laws regulating their organization, rights and duties, just as they are of all other public statutes.

3. *Practice, civil—Pleading—Jeofails—Material averments omitted—Defect cured by verdict.*—If a material matter be not expressly averred in the pleadings but is necessarily implied from what is expressly stated therein; the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved upon the trial the facts insufficiently averred.

4. *Corporations, municipal—Damages to persons—Insecure streets—Dangerous excavations.*—Municipal corporations are bound to keep their streets and highways in a proper state of repair, and are liable in damages for negligence in suffering their streets to remain in a dangerous condition by which an injury results.

*Error to Jackson County Circuit Court.*

*Franklin and Napton,* for Plaintiff in Error.

I. Where a motion in arrest of judgment is sustained and

the judgment arrested it is optional with the plaintiff as to whether he will amend his petition or not, and if he declines doing so the Court may dismiss his petition, and from this judgment of dismissal an appeal or writ of error will lie. (Frazier vs. Roberts, 32 Mo., 459.)

II. The judgment in this case was arrested upon the ground that there was no allegation in the petition charging it to be the duty of the City to keep the sidewalks or streets in repair, or in a safe condition. Such an allegation is not essential to the cause of action, and the petition is sufficient without it.— (Tuttle vs. The City of Topeka, 5 Kansas, 311; Laithe vs. McDonald, 7 Kansas, 254; Mandersheid vs. The City of Dubuque, Law Reg. for Aug. 1871, p. 526.)

III. But if such an allegation was essential or properly among the grounds of the action, still, the defect is cured by the verdict. The liability of the City and its duty to keep the streets and sidewalks in a safe condition is a matter which is *necessarily inferred from the allegations of negligence* in the petition. (Frazier vs. Roberts, 32 Mo., 459; Shaler vs. Van Wormer, 33 Mo., 386; Richardson vs. Farmer, 36 Mo., 41; House vs. Lovell, 45 Mo., 381.)

IV. The Charter of the City, a public act, and of which every Court in the State will take judicial cognizance, gives the corporation *entire* and *exclusive* control of its streets and sidewalks, and so long as any parcel of land is a *street* belonging to a city, and by its charter it is clothed with *exclusive* control of it, just so long it is bound to keep it in a safe condition. The charter of defendant, a public act ( Sess. acts, 1868, p. 213,) gives the defendant *exclusive* control of its streets. We hold that in cases of this character against a city incorporated by a public act, it is only necessary for the plaintiff to allege and prove that the injury resulted from a defect, negligently and carelessly permitted, in a street (without fault on his part), and the charter settles the rest. The duty of the city with reference to its streets can only be shown by the charter itself, and the court was bound to take judicial cognizance of it.

V. The motion in arrest pre-supposes and admits that the

verdict is correct. (Farmers' Bank of Missouri vs. Bayliss, 41 Mo., 274; McComas vs. State, 11 Mo., 116.)

*J. B. Turnback*, for Defendant in Error.

I. The petition is bad, because it does not disclose any duty owed by the city to Thomas C. Bowie, deceased, respecting the sidewalk on which he traveled, or the excavation into which he fell.

It was essential to aver in the petition, that the opening or excavation was dangerous, so that to render the street reasonably safe for travel a fence should have been put up, a light kept burning, or some other precaution used to warn persons of the danger. It was also essential to show that the city caused the excavation to be made, or had · notice of its existence. The city does not insure its streets to be safe for public use, nor against accidents thereon. (Dill. on Munic. Corp., (1st ed.,) p. 753 and following, §§ 789, 790.)

An averment of duty owing, or of the existence of facts out of which the duty arose, is wholly wanting and is fatal. (Richardson vs. Farmer, 36 Mo., 45; Garner vs. McCullough, 48 Mo., 318; Moss vs. The Pacific Rail Road, 49 Mo., 170 ; City of Buffalo vs. Holloway, 7 N. Y., 498.)

II. There is no final judgment in this action, either in substance or form. The petition is simply dismissed, according to the bill of exceptions, or the cause is dismissed, as per record entry.

There is no judgment for costs, nor that plaintiff take nothing by his suit. (Garesche vs. Emerson, 31 Mo., 258; Boggess vs. Cox, 48 Mo., 278.)

Vories, Judge, delivered the opinion of the court.

The plaintiff in error brought his suit in the Jackson County Circuit Court on the 21st day of January, 1870. The plaintiff was a minor, and sued by his guardian to recover damages under the third section of the act concerning " Damages and Contributions in actions of Tort," (1 W. S., 519.) The petition upon which the trial was had, charges that the defendant is a municipal corporation within the State of Missouri

that the plaintiff is a minor under the age of twenty-one years, and that he is the only child of the late Thomas C. Bowie, Senior, and Margaret G. Bowie. "That on the 29th day of March, 1869, his said father, the late Thomas C. Bowie, Senior, was walking along on the sidewalk on one of the principal and most traveled streets, that is Main street, of defendant, (The city of Kansas) and in the evening of said 29th day of March, 1869 after dark, the said Thomas C. Bowie, Senior, when so walking along said sidewalk on said Main street, on the west side of said street, near the junction of said street and Delaware street, and when he, the said Thomas C. Bowie, Senior, was using ordinary care and diligence, fell into an opening or excavation in said sidewalk and was thereby killed; that said opening or excavation in said sidewalk at the time said Thomas C. Bowie so fell into the same and was thereby killed, was negligently and carelessly suffered to be left open and unguarded by the defendant the City of Kansas."

It is then stated that Lewis Saunders is his guardian duly appointed, &c., and that the mother of plaintiff is living and has failed to sue for said wrongful act, within six months following the death of the father of plaintiff as aforesaid, as she might have done by the statutes of this State in such cases provided; that by reason of the death of his said father, he has sustained damages in the sum of five thousand dollars under the statutes of this State in such case made and provided, for which judgment is prayed.

The answer denies that the opening or excavation referred to, was at the time that Bowie was killed negligently and carelessly suffered by the defendant to be left open and unguarded; denies that said Bowie was at the time using ordinary care and diligence while passing along said street in the City of Kansas and at the time said Bowie was killed. But defendant states that on the 29th day of March, aforesaid, the said opening or excavation was well, carefully, and securely guarded by the City of Kansas, and that the said Bowie fell into said excavation wholly by his own negligence and carelessness.

The affirmative matter in the answer was put in issue by a replication.

A trial was had upon the issues made by those pleading, a verdict rendered for the plaintiff for five thousand dollars, upon which judgment was rendered by the court. The defendant filed its several motions for a new trial and in arrest of judgment.

The motion in arrest is stated to be for the reason that the petition does not state facts sufficient to constitute a cause of action, in that it is not shown that defendant is in any manner responsible for the condition of the sidewalk named in the petition, or for the excavation or opening therein.

That said petition does not refer to any act or statute of Missouri whereby defendant was incorporated, and that there is no public act for said purpose.

That the cause is founded on a statute of the State and no reference thereto is made in the petition. This motion in arrest of judgment was by the court sustained. To which ruling of the court, the plaintiff excepted.

The court then notified the plaintiff that leave would be granted to amend his petition. Plaintiff refused to amend his petition, and the cause was dismissed, to which plaintiff again excepted, and has sued out his writ of error and brought the cause to this court.

It appears from the record in this case that the defendant made several objections to parts of the evidence, and that its objections were overruled, and that it also made objection to an instruction given by the court, and that the defendant at the time excepted to the opinion of the court in overruling its several objections. Yet, as the defendant has not brought the case here, and is not complaining of the action of the court, these matters are not here for consideration.

The only questions presented for our consideration by either party are first: whether there is any final judgment in this cause from which an appeal or writ of error will lie ;—second ; did the Circuit Court of Jackson County err in sustaining the defendant's motion in arrest of the judgment, and in dismissing the plaintiff's cause ?

It is urged by the defendant in error, that there is no final

judgment in the cause from which a writ of error will lie.

The entry on the record is as follows :

"Now at this day come the parties aforesaid by Attorneys, and the motion heretofore filed in arrest of judgment in this cause being by consent taken up, and fully heard, is by the court sustained ; to which ruling of the court, plaintiff excepts and at the same time leave is given plaintiff to amend his petition and upon the refusal of plaintiff so to amend his petition, this cause is dismissed to which plaintiff also excepted. " The defendant contends that this is no final judgment and to sustain this view, he refers to the case of Garesche vs. Emerson, 31 Mo., 258. That was a case in which judgment was arrested and no final judgment had ; but the case was not dismissed by the court. The case of Boggess vs. Cox, 48 Mo., 278, is also relied on by the defendant. That case is one in which a plaintiff after his material evidence was rejected by the court, took a non-suit with leave to set the same aside. The motion was afterwards made to set aside the non-suit, which was overruled, and merely a judgment rendered against him for costs. This was held to be no final judgment ; and that a formal judgment should have been rendered for the defendant upon the non-suit. This case carries the rule as far as it is permissible to go ; and although it is a very extreme case, I think it is not exactly in point. In the case under consideration, when the judgment was arrested the plaintiff had a right to stand by his petition, but the court after giving him leave to amend his petition, dismissed the cause. It is true that no final judgment was rendered in form, but the cause was entirely ended and out of court ;—dismissed against the will of the plaintiff, and was a finality so far as the plaintiff was concerned. I think that to hold that this is not a judgment from which an appeal or writ of error will lie, partakes a good deal of mere technicality, and would be looking more to form than substance.

In the bill of exceptions it is stated that the plaintiff's petition was dismissed. We are not to presume that the dismissal was not effectual and final.

The remaining question in this case is, whether the petition

of the plaintiff in the cause was sufficient after verdict, and as a consequence, whether the court that tried the cause, erred in arresting the judgment and dismissing plaintiff's petition and suit. This depends to some extent on the question, whether the law organizing or incorporating the defendant, is a public or private statute, which depends upon the construction of the Act of the Legislature on said subject, approved March 12th, 1867, (Session Acts 1867, p. 18,) and the Act approved March 17th, 1868, amendatory thereof. (Session Acts 1868, p. 208.) By the 12th section of the 11th Article of the first named Act, it is provided as follows: "This act is hereby declared to be a public act, and may be read in evidence in all courts of law and equity in this State, without further proof when specially pleaded." I do not think that this section is to be construed to be a public act only for the purposes of being read in evidence without proof, as provided in the last clauses; in fact, it is difficult to say what was intended by said clause, or what use there was for such clause. The language is, that the act is declared to be a public act, and that it shall be read in evidence, &c.

To my mind, the intention is plain that the Legislature intended to make it a public act, so that the court would take judicial notice of the act, and that it was made so for the convenience of the defendant. When the existence of a corporation is admitted, if a public corporation within the State, and particularly in reference to municipal corporations, the courts are judicially informed of the laws regulating their organization, rights and duties, just as they are of all other public statutes. (Portsmouth Livery Company vs. Watson, 10 Mass., 96.) In the petition in this case, it is charged that the defendant is a municipal corporation, in the State of Missouri. This is admitted by the answer, so that if I am right about the law being a public one, it was unnecessary for the defendant to particularly set forth in his petition, the duties and obligations of the city to keep its streets and sidewalks in repair with greater certainty. The petition in this case was inartificially drawn, and a motion to make it more definite and certain ought

perhaps to have been sustained, if such a motion had been made. And it may be that the petition would have been held bad on demurrer, for it is clear that some of the facts which regularly ought to have been averred, are only to be implied or inferred from averments or statements made. The rule in such case is, that if a matter material to plaintiff's cause of action be not expressly averred in the petition, but the same be necessarily implied from what is expressly stated therein, the defect is cured by verdict. (Shaler vs. Van Wormer, 33 Mo., 386 ; Frazer vs. Roberts, 32 Mo., 457.) This doctrine is founded upon the presumption that the plaintiff has proved on the trial the facts insufficiently averred. Testing the petition in this case by this rule, we find the charges in the petition are, that the father of plaintiff was walking along the sidewalk, on one of the principal and most traveled streets, that is to say Main street of the defendant, &c., and when so walking along said sidewalk late in the evening, when it was dark, and when he was using ordinary care and diligence, he fell into an opening or excavation in said sidewalk, and was thereby killed. And that said opening or excavation in said sidewalk at the time his said father fell into the same and was killed, was *negligently and carelessly suffered to be left open and unguarded* by the defendant, the City of Kansas.

Now, one can scarcely look at the above statement, without seeing the implication arising from the use of the language ; that it was a public street, and sidewalk, and thoroughfare to which the averments refer, and that it was the duty of the defendants to keep it in repair, and guard against the happening of such accidents as befel the plaintiff's father, and that the defendants had negligently failed to perform their duty ; which also implies that the defendants had notice of the dangerous condition of the street or sidewalk. If these things are, as I think they are, all implied in the averments in the petition, then it is to be presumed that they were all proved upon the trial, and the petition would in such case, be good after verdict.

It is expressly provided in the act incorporating the defendant, which I think is a public act, " That the city shall have

exclusive control and power over the streets and public grounds of the city, to establish and keep in repair bridges, culverts and sewers, sidewalks and cross-walks, &c., and to abate any obstruction or encroachment thereon, &c. The city is also authorized to levy taxes. I suppose there is no doubt however, as to the liability of the city in such case for negligence in suffering the streets to remain in a dangerous condition by which an injury results. This question is well settled in this State by the cases of Blake vs. The City of St. Louis,(40 Mo., 569,) and Smith vs. The City of St. Joseph, (45 Mo., 449,) and I think that the allegations in this petition, were sufficient after verdict. In this case, issues were joined between the parties; a trial had, and it does not appear that defendants were surprised on the trial. If they were they had a plain remedy in such case. I think our statute in reference to the amendment of pleadings and proceedings applies. (W. S., 1036.)

I think that with this liberal statute of amendments the court in this case ought not to have sustained the motion to arrest after verdict.

It is also insisted by the defendant, that the statute under which the plaintiff sought to recover damages, was not sufficiently referred to in the petition. It was referred to as the statute in such case made and provided. I think that this was sufficiently certain.

Judge Wagner absent. The other judges concurring, the judgment of the Jackson Circuit Court in arresting the judgment and dismissing the petition and suit is in all things reversed, and the cause remanded to the court from which it came, where judgment is directed to be rendered on the verdict.