Hurst v. The City of Ash Grove.

---

HURST *et al.* v. THE CITY OF ASH GROVE, *Appellant.*

1. **Pleading**: NEGLIGENCE: PRACTICE. A petition in an action against a city for personal injuries, caused by an obstruction in its street, which alleges that the defendant failed and neglected to keep the street in a safe and suitable condition for the use of the public, and unlawfully and negligently suffered the same to be obstructed, states facts from which it may be inferred that defendant had notice of its dangerous condition, and although defective, will be held good after verdict.

2. ———: PRACTICE. If a material matter be not expressly averred in a pleading, but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved on the trial the facts insufficiently averred.

3. ———: ———. By pleading to the merits, in such cases, objection to mere formal defects is waived, and complaint will not be heard on the trial that the petition does not state a cause of action.

4. ———: ———. Such an objection can only be interposed at the trial when the petition fails altogether to state a cause of action, and not when it is only formally defective. When the defect is such that it would be cured by verdict, it must be taken advantage of by demurrer or answer in the regular way.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*Massey & McAfee* for appellant.

The petition does not state a cause of action in that it fails to allege that defendant had notice of the obstruction that caused the injury, or to allege facts or circumstances from which notice might be legally inferred. *Weightman v. Corporation*, 1 Black, 52; *Turner v. City*, 97 Ind. 51, reported in 7 Am. and Eng. Corp. Cases, and authorities cited in note to that case, p. 162. The defective petition is not cured by the verdict and judgment. R. S. sec. 3515.

*Goode & Cravens* and *Jas. R. Vaughan* for respondents.

(1) The answer confesses defendant's negligence and then denies all facts not admitted, and, of course, as a pleading, does not deny the allegation and facts constituting the negligence set up in the petition. (2) It does not devolve upon the plaintiff to aver or prove that she was free from negligence, or in the exercise of ordinary care at the time of the injury, but the "concurring negligence" of the plaintiff is a matter of defense which defendant must aver and prove. *Buesching v. Gas Co.*, 73 Mo. 219; *Donovan v. Railroad*, 89 Mo. 147; *Crane v. Railroad*, 87 Mo. 588. (3) The petition avers that the defendant failed and neglected to keep the street at the point of injury in repair, and unlawfully and negligently suffered and permitted the sidewalk at that point to be obstructed. Knowledge to the city, or such facts as would imply knowledge, are embraced in this allegation, because neglect after such knowledge constitutes the negligence in a legal sense which is charged

in the petition. In such cases notice or knowledge is implied in the general allegation of negligence. *Bowie v. City*, 51 Mo. 454; *Hall v. Railroad*, 74 Mo. 298; *Crane v. Railroad*, 87 Mo. 588; *Dolan v. City*, 17 Mo. App. 436; *Mack v. Railroad*, 77 Mo. 232. The defendant, neither by demurrer nor answer, objected to the sufficiency of the petition, but filed an answer which, as a pleading, admits its own negligence, and thereby waives any defects which might have existed in the petition. At all events the petition is good after verdict, and the objection made to the introduction of any evidence at the trial does not avoid such waiver. *Pomeroy v. Benton*, 57 Mo. 532; *Garth v. Caldwell*, 72 Mo. 622; *Crum v. Jones*, 25 Mo. App. 71; *Bowie v. City*, 51 Mo. 454; *Grove v. City*, 75 Mo. 672; *Elfrank v. Seiler*, 54 Mo. 134.

NORTON, C. J.—This is an action to recover damages for injuries alleged to have been sustained by Sarah Hurst (wife of her co-plaintiff) in consequence of the negligence of defendant in allowing an obstruction on Main street in said city. On the trial, plaintiffs obtained judgment for five thousand dollars, from which defendant has appealed, and while the record shows that during the progress of the trial a number of objections were made by defendant and exceptions saved, the only points made in the brief of counsel are, that the petition does not state a cause of action in that it fails to allege defendant had notice of the obstruction that caused the injury or to allege facts or circumstances from which notice might be legally inferred; and that the defective petition is not cured by the verdict and judgment.

The points made we will proceed to consider, and so much of the petition as is necessary to their consideration is as follows: It alleges that defendant is a city of the fourth class * * * and by the laws of its creation has full and absolute control over the streets

including the sidewalks therein  *  *  *  and has the power and it is its duty to keep these highways in a safe and suitable condition for the use of the public *  *  *  ; that Main street is one of the principal streets in said city and more generally used by the public than any other in the city ; that defendant failed and neglected to keep such street and highway in such repair and condition, and that on the ——— day of June, 1884, the defendant unlawfully and negligently suffered and permitted the sidewalk on a part of Main street between the fronts of the stores of one James and one Smidler, where there was a platform on a line with said walk, to be obstructed by the placing of the tongue of a reaping machine over and across the sidewalk at said point, at such a height that persons passing along would naturally strike their feet and limbs against said tongue and stumble or fall  *  *  *  ; that plaintiff Sarah passing along said sidewalk at night, without fault on her part, walked against said tongue, was severely hurt, her leg broken and permanent injury sustained.

The answer of defendant set up contributory negligence on the part of plaintiffs and denied every allegation of the petition not admitted by the answer. On the trial, defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action. This objection was overruled and the trial proceeded with the result above announced. In the case of *Bowie v. Kansas City*, 51 Mo. 454, the allegation of the petition was that plaintiff's father, while exercising ordinary care in walking on a street of said city, fell into an opening or excavation in said sidewalk which was *negligently* and carelessly suffered to be left open by the defendant. It is held that the petition, though defective, was good after verdict, and in the disposition of the question it is said : "The petition in this case was inartificially drawn and a motion to make

it more definite and certain ought perhaps to have been sustained, if such motion had been made. And it may be that the petition would have been held bad on demurrer, for it is clear that some of the facts which regularly ought to have been averred are only to be implied or inferred from averments or statements made. The rule in such cases is, that if a matter material to plaintiff's cause of action be not expressly averred in the petition, but the same be necessarily implied from what is expressly stated therein, the defect is cured by verdict. * * * Now one can scarcely look at the above statement without seeing the implication arising from the use of the language ; that it was a public street and sidewalk * * * ; that it was the duty of defendant to keep it in repair, that defendant had negligently failed to perform this duty ; which also implies that defendant had notice of the dangerous condition of the street or sidewalk." *Bowie v. Kansas City, supra.*

It is clearly indicated in the above case that for such a defect in the petition as defendant complains of, it should have resorted either to a motion to make the petition more definite, or to a demurrer. In the case before us defendant did not resort to either of these methods, but on the trial objected to the introduction of any evidence because of such defect, and it is expressly held in the case of *Grove v. City of Kansas*, 75 Mo. at p. 675, that this cannot be done. It is there said, after referring to the cases of *Bowie v. Kansas City*, 51 Mo. 454, and *Elfrank v. Seiler*, 54 Mo. 134, that "the doctrine of these cases taken together is, first, that 'if a material matter be not expressly averred in the pleadings but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved on the trial the facts insufficiently averred ;' and, secondly, that if the defendant, in such cases, pleads to the merits he thereby waives objections to mere formal

defects, and will not be heard on the trial to object that the petition does not state a cause of action. Such an objection can only be interposed at the trial, where the petition fails altogether to state any cause of action, and not to the case where a cause of action is defectively stated. Such an objection at the trial is only allowable where the petition is radically and not formally defective. Where the defect is such that it would be cured by verdict it cannot be taken advantage of in this way, but must be taken by demurrer or answer in the regular way. If, however, the objection is such that a motion in arrest would reach it, then it can be reached, on an objection to the introduction of any evidence at the trial, otherwise not." See also *Hall v. Railroad*, 74 Mo. 298; *Crane v. Railroad*, 87 Mo. 588.

Judgment affirmed. All concur, except RAY, J., absent.