# SCAMELL, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, December 15, 1903.

1. **CARRIERS OF PASSENGERS: Contributory Negligence: Conflicting Testimony.** In an action for injuries received while alighting from a street car, where the evidence conflicted as to whether the injuries were caused by a sudden starting of the car without giving sufficient time for the passenger to alight, or by the passenger's jumping from the car while in motion, whether negligence was imputable to the injured party or to the defendant, was a question correctly committed to the jury.

2. **MINORS: Parents' Right to Service.** The services of minor children belong to the father during his lifetime and, upon his decease, to the mother if she survives while they live with her, and she is entitled to recover damages for an injury to a minor son which deprives her of his earnings, caused by the unlawful act of the defendant; and this, regardless of the fact that the injury, by which the earnings of the son were lost, occurred pending a contract between the son and defendant, to which she was a stranger.

3. ———: ———: **Master and Servant.** The right of a parent to the earnings of a minor child during its minority originates, not by virtue of the relationship of parent and child, but from relationship of master and servant; it is therefore an essential averment, in an action by a parent to recover the loss of the earnings of a minor child, that the child was the servant of the parent who has been deprived of its services.

4. **PLEADINGS: Waiver of Formal Defects: Cured by Verdict.** If material matters are not expressly averred in the pleadings, but are necessarily implied from what is stated therein, the defect is cured by a verdict in favor of the party pleading.

5. ———: ———: ———. In an action by a mother for the loss of service of her son, due to an injury caused by defendant, a petition which sets forth the manner of the injury and alleges that the father is dead, and that by reason of the injury to her son, plaintiff has lost and will lose his services and the

earnings of his labor until he arrives at the age of twenty-one years, and has incurred, and will incur, large expenses for medicines, etc., the allegations are sufficient from which to infer the relationship of master and servant and the informality in the allegation is cured by a verdict.

6. **PARENT AND CHILD: Master and Servant: Excessive Verdict.** In an action by a mother for damages caused by injuries to her son, where the proof shows that the injured son was nineteen years and three months old and was earning a salary of eleven dollars per week, and where there was evidence of substantial expenses incurred for medicine and medical and surgical aid, and at the time of the trial, thirteen months after the accident, recovery was incomplete, a verdict for $1,500 is not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Jones, Jones & Hocker,* and *Geo. W. Easley* for appellant.

(1)   The petition fails to state a cause of action, in that it fails to aver that plaintiff's son was her servant, and also fails to allege her special damages.   Dunn v. Railroad, 21 Mo. App. 202; Schwartz v. Railway, 46 Mo. App. 380; Matthews v. Railway, 26 Mo. App. 84. (2)   The court erred in refusing to sustain the demurrer to the evidence, for the following reasons:   (a)   No causal connection was shown by the evidence between the jerk which plaintiff and her witnesses claimed caused plaintiff's son to fall from the car and the injury which he sustained.   The negligence charged must be the proximate and direct cause of injury.   Killian v. Railway, 86 Mo. App. 447; Love v. Mfg. Co., 160 Mo. 626; Bassett v. St. Joe, 53 Mo. 290; Hicks v. Railway, 46 Mo. App. 304; Brown v. Railway, 20 Mo. App. 222; Mathewson v. Mayer, 90 Mo. 585; Clark v. Fairlay, 24 Mo. App. 429; Hudson v. Railway, 32 Mo. App. 668; Stanley v. Railway, 114 Mo. 606; Waller v. Railway,

59 Mo. App. 416; Reed v. Railway, 50 Mo. App. 504; Barklay v. Railway, 96 Mo. 367. (b) Under the evidence the plaintiff was guilty of contributory negligence in attempting to alight from defendant's car in front of a car moving in the opposite direction, without looking or listening for the approach of said car. Weber v. Railway, 100 Mo. 1. c. 204; Kelsay v. Railway, 129 Mo. 362; Jones v. Barnard, 63 Mo. App. 501; Moberly v. Railway, 98 Mo. 183; Sonnenfeld v. Railway, 59 Mo. App. 668; Smith v. Railway, 52 Mo. App. 36; Bindbental v. Railway, 43 Mo. App. 463; Hickman v. Railway, 47 Mo. App. 65. (c) The injury being stated as arising out of a violation of a contract with the son, gives no right of action to the plaintiff, who was not a party to the contract. Railroad v. Stuttler, 54 Pa. St. 375; Brink v. Railroad, 160 Mo. 67; Roddy v. Railroad, 104 Mo. 245; Heizer v. Mfg. Co., 110 Mo. 611. (3) The verdict of the jury is excessive in amount. In a case of this character, the damages are easily ascertainable, and the finding of the jury is in excess of the amount which plaintiff lost by reason of her son's injuries, taking the testimony of plaintiff with respect to the amount of loss as true. (4) The court erred in excluding the evidence offered by defendant as to the amount of his earnings the plaintiff's son appropriated for his pleasures, and used for his maintenance. Sherlock v. Kimmell, 75 Mo. 77; Dunn v. Railway, 21 Mo. App. 206; Schmitz v. Railway, 46 Mo. App. 396; Matthews v. Railway, 26 Mo. App. 84.

STATEMENT.

In view of the errors assigned, the petition herein is exhibited intact, thus:

"The plaintiff states that she is the mother of Harry Scamell, who is a minor of the age of —— years, and that the father of said Harry Scamell was dead at the times herein stated. That the defendant is, and at the times herein stated, was, a corporation by

virtue of the laws of Missouri, and used and operated the railway and cars herein mentioned as carriers of passengers for hire, as a street railway company.

"That on the ninth day of October, 1901, the defendant, by its servants in charge of its south-bound car on Jefferson avenue, received the plaintiff's said son as a passenger thereon, and for a valuable consideration paid by said son to the defendant, the defendant undertook and agreed with him to carry him in safety as such passenger on said car to his destination as a passenger on said line, to-wit: Laclede and Jefferson avenues, and to there stop said car and allow him a reasonable time and opportunity to alight in safety from said car. Yet the plaintiff avers that the defendant unmindful of its undertaking, and of its duties in the premises, did fail and neglect to stop said car at said point of his destination a reasonable time to allow him to alight in safety from said car; but, on the contrary, whilst said car was stopped at said point, to enable passengers to alight therefrom, and whilst her son was in the act of alighting from said car, whilst so stopped, and before he had a reasonable time or opportunity to do so, did negligently cause and suffer said car to start forward, and to move, whereby plaintiff's son was caused to be thrown and to fall from said car, and be struck by a north-bound car, and to be seriously and permanently injured upon his legs, back, spine, arms, and wrist, dislocating his right wrist, tearing the ligament from the bones of his wrist, and causing him internal injuries.

"And plaintiff avers that defendant and its servants in charge of its said north-bound car were further negligent in running said car rapidly to and past said south-bound car, whilst it was stopped and discharging passengers therefrom, and looking out for persons and passengers alighting from said car, and slowing up and stopping said car, to avoid injuring them, and in failing to give signal of the approach of said car, which negli-

gence directly contributed to cause said injuries to plaintiff's said son.

"That by said injuries to her son, plaintiff has lost, and will lose, his services, and the earnings of his labor, until he shall arrive at the age of twenty-one years, and has incurred and will incur large expenses for medicines, medical and surgical attention and nursing, and caring for her said son, to her damage in the sum of five thousand dollars, for which she prays judgment."

The defendant pleaded a general denial, and a special defense of contributory negligence in that the plaintiff's son negligently and carelessly jumped from a moving south-bound car, after it had left the usual stopping place for passengers to alight, and from the side of the car next to another track on which a north-bound car was moving, and came in contact with such car, and that he jumped from the south-bound car without looking or listening to see or hear whether a car was coming upon the north-bound track, when by looking and listening he might have seen and heard such north-bound car and avoided collision therewith.

The facts in evidence, somewhat abridged, are that plaintiff, a widow, accompanied by her son, who was then nineteen years and three months old, living with his mother, were on a south-bound car on Jefferson avenue at about half past eight o'clock p. m., October 9, 1901; the car was an open car with seats extending across, and running boards to facilitate passengers in getting off on either side. Plaintiff and her son were towards the rear portion of the car, the plaintiff seated at the end of a seat with the east running board next to her and her son seated next to her on the other side. She signalled as the car drew near Laclede avenue, but it ran by the corner before stopping; she then got off in safety and walked westwardly, although the conductor rang for the car to start as she had one foot on the ground, and the other on the running board. The son had risen to his feet, and was standing in the body of

the car preparatory to getting off, when the conductor signalled the motorman to go on; the car moved with a jerk and threw him upon the eastern track, but erect and upon his feet, where he was immediately struck by a car from the opposite direction and suffered grave injuries. The testimony of plaintiff and her son was fully supported by the statements of passengers on both cars; some of whom also testified that no signal was given by the north-bound car. On behalf of defendant, the evidence of its servants and other witnesses tended to show contributory negligence on part of the young man; and that he had stepped or jumped off the car, some deposing that the car was in motion at the time.

REYBURN, J. (after stating the facts as above).— 1. The imperative instruction asked by defendant at the close of the testimony was not justified on either ground urged, and was properly rejected. The evidence was in conflict, but the testimony offered by plaintiff, if given credence by the jury, warranted and supported the conclusion that, without fault on his part, defendant had been remiss in its duty, as a common carrier of passengers, towards the plaintiff, and the casualty thereby occasioned; the proof introduced in defense of the action tended to establish the charge of the defendant in its answer, that plaintiff's son himself had been guilty of contributory negligence in jumping from the car while in motion, after it had left the usual point for passengers to alight, and in so getting off such south-bound car without looking or listening for the approaching north-bound car, when by so looking and listening, he might have seen and heard such car and avoided collision therewith. In the state of the opposing testimony thus exhibited, where the facts in evidence admitted of different construction and inference, the question, whether negligence was imputable to the injured party or to the defendant, was correctly committed to the jury.

2.   The general rule of law dominant in this State,. is that, prima facie, the services of the minor children belong to the father during his lifetime, and upon his decease to the mother, if she be surviving, upon whom the burden of their maintenance during minority is imposed.   The widow, upon the death of her husband, succeeds to his obligation and duty towards their minor children; she becomes in his place and as his successor,. the head of the family, and upon her devolves the shelter, clothing and education of the minor children,. and in turn she acquires the reciprocal right to their services and becomes entitled to their earnings till they attain majority, qualified, however, and subject to the condition, that such right to their earnings exists and endures if, and so long as, such minor children make their home with and are supported by her. Matthews v. Railway, 26 Mo. App. 75; Mauerman v. Railway, 41 Mo. App. 348; Wood, Master and Servant (2 Ed.), sec. 21; Guion v. Guion, 16 Mo. 48; Dooley v. Railway, 45 Mo. App. 309; Hennesey v. Brewing Co., 63 Mo. App. 111.   The plaintiff, as surviving parent, was entitled to the earnings of her minor son until he arrived at full age, while he lived with her and made her residence his home, and if deprived of his earnings, or upon the diminution of them by the unlawful act of the defendant, she was entitled to redress against the latter, regardless and irrespective of the fact that the injury to her son, by which his earnings were lost to her, or became reduced, occurred pending a contractual relationship existing between her son and defendant, or by breach of a contract entered into between them to which she was a stranger and nowise in privity.

3.   The right of the father, or in the event of his decease, abandonment or desertion, the successive right of the mother to the earnings of the minor children during their minority, and during the period he or she performs the parental duties dictated by nature, and imposed by law, originates, not by virtue of the relation-

ship of parent and child, but is based on the relationship of master and servant. The parental tie of parent and child may exist, but the custody and support may have been abandoned by the parent in various ways, and the situation of master and servant therefore not be pre-sented, and the right to earnings of the minor child have ceased or been suspended. The obligation of the parent to support the minor children primarily incum-bent upon the father, and in the contingencies mentioned secondarily devolved upon the mother, and the right of either to the earnings of such children, are correlative and interdependent, the right springing from the duty, and both exist, continue and cease together. It there-fore becomes an essential averment in an action by a parent to recover for loss of earnings of a minor child, that the child injured was the servant of the parent, who has been deprived of its services. The rule of the com-mon law in all actions by a father, *per quod servitium amisit,* was that an averment of loss of services was requisite, and the modern code, while extinguishing fic-tions and technical forms of action, has not dispensed with constitutive averments essential to a cause of action. Dunn v. Railway, 21 Mo. App. 188; Matthews v. Railway, 26 Mo. App. 75; Mauerman v. Railway, 41 Mo. App. 348; Schmitz v. Railway, 46 Mo. App. 380. This rule is as applicable to one as to the other parent, and in an action by the mother to recover for the ser-vices of a minor child, the statement of the cause of action must also negative the original right of the father by declaring that he is dead, or has abandoned the child and forfeited the right on his part, as well as alleging that the minor is supported by her and has a home with her, so that it appears that she is performing the par-ental duties. Wood's Law of Master and Servant (2 Ed.), sec. 23.

The petition herein is assailed as destitute of any allegations of facts from which the relationship of mas-ter and servant can be inferred, and lacking any express

allegation of its existence, and therefore failed to state facts constituting a cause of action, and the motion in arrest filed and overruled assigns and directs attention to such imperfection as fatal to recovery. In Dunn v. Railway, 21 Mo. App. 188, the first case relied on by defendant, there was no allegation in the petition that the injured boy was the servant of his father, the plaintiff, or that by reason of the injury, the plaintiff had been, or in the future would be, deprived of his services, but the averment was made in these words, "and said son has been permanently disabled from labor, and plaintiff has by said injuries to his son been damaged in the sum of $5,000 for which sum he prays judgment." This presentment of plaintiff's right of action was held insufficient, as not equivalent to an averment that plaintiff had lost his son's services. In Matthews v. Railway, 26 Mo. App. 75, an action by the widowed mother, the rule of the decision above was adhered to by a majority of the court, but the writer of the opinion dissented, distinguishing the case from the Dunn case, and on his own behalf stating that the inferential allegations of the petition were sufficient to apprise defendant that plaintiff claimed as part of her recovery, damages for loss of services. The weight and force of these decisions by this court have been impaired by subsequent cases reviewed and decided in the Kansas City division. In Buck v. Railway, 46 Mo. App. 555, the petition contained the narrow recital "by reason whereof plaintiff has laid out and expended large sums of money, to-wit, $1,000, for nursing, drugs, and medical attendance for his said son; and has and will be deprived of the services of his son of the value of $4,000." The objection that the petition did not state facts sufficient to constitute a cause of action, appears to have been first presented to the appellate court, and it was held not seasonably made, and the failure to urge it in the court below, where it could have been met by an amendment, was held to operate as a waiver of the objec-

tion. The language of the court being: "The rule is now well established by the adjudications in this State that, if a material matter is not expressly averred in the pleading, but is necessarily implied from what is stated therein, the defect is cured by verdict in favor of the party pleading. If the defendant in such case pleads to the merits he thereby waives the objection to the mere formal defects, and will not be heard at the trial, or on appeal, to object that the petition does not state a cause of action. Such an objection can only be interposed when the petition fails to state any cause of action, not where one is defectively stated. Grove v. City of Kansas, 75 Mo. 672; Bavie v. Kansas City, 51 Mo. 454; Elpart v. Seiler, 54 Mo. 134; Spurlock v. Railroad, 93 Mo. 538; Berthold v. Ins. Co., 2 Mo. App. 311; State v. County Court, 51 Mo. 522. The worst that can be said of plaintiff's petition is, that it defectively stated the plaintiff's title to the right of action, not that it wholly failed to state a title at all, and, therefore, it is not subject to the objection that it did not state a cause of action." In Hennesey v. Brewing Co., 63 Mo. App. 111, an action by the mother, the question arose in the form whether, from the bare allegation that plaintiff was the sole surviving parent, the inference could fairly be deduced that the deceased minor son was the servant of the plaintiff at time of his death and the same learned judge who announced the opinion of the court in the Buck case, referred to it, but further held that the petition was insufficient, as it did not allege a loss of services, directly or inferentially. The petition herein, in clear terms, alleges that plaintiff is the mother of the injured boy, his minority and that his father was dead at the time of the accident, and the concluding paragraph expressly sets forth that by the injuries to her son, plaintiff has lost and will lose his services and the earnings of his labor, until he shall arrive at the age of twenty-one years, and has incurred and will incur large expenses

for medicines, medicinal and surgical attention; nursing, and caring for her son, to her injury and damage in the sum named for which judgment is prayed. The loss of services is distinctly averred, and the allegations made are abundant, from which to deduce by fair inference the relationship of master and servant and the legal right of plaintiff, as surviving parent, to the services of her minor son, until his arrival at his majority. That the petition is cured and perfected by and after the verdict, under the liberal statute in force in this State, appears beyond reasonable dispute. At most, there was here presented a petition based on good cause of action, if susceptible of legal proof, but defectively stated and certainly it is good after judgment. Salmon Falls Bank v. Leyser, 116 Mo. 51; People's Bank v. Scalzo, 127 Mo. 164; Leckinger v. Mfg. Co., 129 Mo. 590; R. S. 1899, sec. 672.

4. The imputation that the amount of the verdict of the jury is excessive, is devoid of merit. The proof demonstrates that the son was nineteen years and three months old at time of the occurrence, and was earning a salary of eleven dollars per week. The jury was entitled to weigh the probability of the value of his services increasing with experience and age; there was also evidence of substantial expenses, incurred or expended, for medicine, medical and surgical aid, and at time of trial his recovery was incomplete, and under the testimony, the assessment of damages by the jury at the sum of $1,500 was justifiable and will not be disturbed.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.