DELIA DOHERTY, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, March 7, 1904.

1. **MUNICIPAL CORPORATIONS: Defective Sidewalk: Pleadings: Aider by Verdict.** A petition for personal injury by reason of a defective sidewalk stated that the walk had been in a defective condition for a long time, but failed to state plaintiff's knowledge thereof, or its failure to exercise reasonable care to ascertain. There was no objection to the petition at the trial. *Held,* the petition was amendable and is sufficient after judgment.

2. ———: **Personal Injury: Defective Sidewalk: Scienter: Instruction.** The plaintiff's instruction failed to submit the question of the defendant's notice or of the existence of the defect for a sufficient length of time to affect the defendant with constructive notice and it was not cured by any other instruction, and the verdict being possibly excessive the error in the instruction is held fatal.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*R. J. Ingraham,* City Counselor, and *L. E. Durham* for appellant.

(1) Plaintiff's instruction No. 1 does not require the jury to find that defendant was negligent, that is, that defendant had reasonable time and opportunity to

repair the walk after knowledge of the defect, but failed
to do so.   Bonine v. Richmond, 75 Mo. 437; Richardson
v. Marceline, 73 Mo. App. 360; Badgley v. St. Louis, 149
Mo. 122; Baustian v. Young et al., 152 Mo. 317; Reedy
v. Brewing Ass'n, 161 Mo. 539; Jordan v. Hannibal,
87 Mo. 675; Yocum v. Trenton, 20 Mo. App. 489; Barr
v. Kansas City, 105 Mo. 558; Maus v. Springfield, 101
Mo. 613; Plummer v. Milan, 79 Mo. App. 444; Bur-
leson v. Village of Reading, 110 Mich. 512; Reh-
berg v. New York, 91 N. Y. 142; Logansport v. Jus-
tice, 74 Ind. 378; Thompson on Trials, section 1706; El-
liott on Streets and Roads (2 Ed.), section 631.   (2)
Plaintiff's instructions on measure of damages assumes
that injury was inflicted.   Plummer v. Milan, 70 Mo.
App. 598; Evans v. Joplin, 76 Mo. App. 260.   (3)
The damages are so excessive as to show passion and
prejudice on part of the jury.   (4)   Plaintiff's pe-
tition does not state a cause of action.   Consequently
the court erred in overruling defendant's motion in
arrest of judgment.   See authorities, part 1.

John M. Cleary, I. Kimbrell and C. M. Kackley
for respondent.

(1)   Plaintiff's petition states a cause of action.
If any material allegation is not expressly averred but
same be necessarily implied for what is stated therein
the defect is cured by the verdict. Hurst v. Ash Grove,
96 Mo. 168; Bowie v. Kansas City, 51 Mo. 454; Grove v.
City of Kansas, 75 Mo. 675; Foster v. Railway, 115 Mo.
165; Johnson v. Railway, 96 Mo. 340; Buck v. Railway,
46 Mo. App. 555; Mack v. Railway, 77 Mo. App. 232;
Dougherty v. Railway, 81 Mo. 325; Senate v. Railway,
57 Mo. App. 223; Jaquin v. Railway, 57 Mo. App. 320;
Subdivisions 8 and 9, section 672, Revised Statutes
1899.   (2)   Plaintiff's instruction No. 1 fairly pre-
sented the case to the jury.   The evidence was sufficient
to justify the presumption that the defendant city had

timely notice of the defect, and to justify the jury in so finding. Young v. Webb City, 150 Mo. 342; Haus v. Springfield, 101 Mo. 613; Richardson v. Marceline, 73 Mo. App. 365; City of Griffin v. Johnson, 84 Ga. 279; Tice v. Bay City, 78 Mich. 209; Philadelphia v. Smith, 16 Atl. Rep. 493. (3) Plaintiff's instruction No. 1 is not erroneous. If it contains any error, then instruction No. 3 given at the instance of appellant is alike erroneous. The error, if any, is common to both, and therefore not grounds for reversal. Young v. Webb City, 150 Mo. 342; Richardson v. Marceline, 73 Mo. App. 364. (4) The assumption is an instruction of an issuable fact, conceded by the other party, or about which there can be no reasonable controversy, is not erroneous. Herriman v. Railway, 27 Mo. App. 445; Field v. Railroad, 80 Mo. 206; Hall v. Railroad, 74 Mo. 298; Price v. Haeherle, 25 Mo. App. 201; Burlington v. Bank, 98 Mo. 376; Walker v. City of Kansas, 99 Mo. 647. (5) Plaintiff's second instruction on measure of damages does not assume anything. Chilton v. St. Joseph, 143 Mo. 192; Young v. Webb City, 150 Mo. 343. (6) A judgment for two thousand dollars is not excessive under the evidence in the case at the bar. Dimmit v. Railroad, 40 Mo. App. 658; Honeycutt v. Railway, 40 Mo. App. 679; Brown v. Railway, 99 Mo. 319; Baker v. Independence, 93 Mo. App. 171; Huff v. Marshall, 97 Mo. App. 547; Baker v. Independence, 93 Mo. App. 165; Fleming v. Railway, 89 Mo. App. 129; Goetz v. Ambs, 27 Mo. 25; Kennedy v. Railway, 36 Mo. 351; Curtis v. McNair, 173 Mo. 270; Malloy v. Railway, 173 Mo. 85; Bolton v. Railway, 172 Mo. 105.

BROADDUS, J.—The plaintiff sues to recover damages sustained by reason of a fall she received in passing over one of defendant's sidewalks at a point on Madison street. The evidence shows that she was tripped by the tilting of a loose board in said walk, fell and was injured. It was shown that the sidewalk had

been in an unsafe condition for several weeks but there was no evidence that defendant's officers had actual notice of its condition in time to have repaired it before plaintiff's injury.

There was a trial and verdict for plaintiff for $2,000.

The defendant contends that the petition does not state a cause of action, that the verdict is excessive, and that the court committed error in giving certain instructions in behalf of plaintiff.

The petition fails to state that defendant had notice of the defective condition of the walk, or that it had so existed for such a length of time that defendant by the exercise of ordinary care could have known of its condition in time by the exercise of such care to have repaired it so as to have prevented plaintiff's injury. No objection was made during the trial to the petition on account of the defect noted. It does state, however, that the sidewalk was maintained by defendant in its defective condition for a long time prior to plaintiff's injury. It is a defect that could be made good by amendment, and is sufficient after judgment. Hurst v. Ash Grove, 96 Mo. 168.

But the same error occurs in plaintiff's instruction number two. And there were no other instructions on either side that cured the error. Plaintiff contends that it was a harmless error at most as all the evidence went to show that the sidewalk had been in an unsafe and dangerous condition for a long time previous to the plaintiff's injury, and notice to defendant should be inferred as a matter of law. But in view of other evidence that its bad condition was not discoverable, we do not feel justified in so holding. And we entertain grave doubts as to the propriety of the amount of the verdict. The evidence as to the permanent injury to plaintiff's leg is not altogether satisfactory. It appears to have been larger than the other one but some of the medical experts were of the opinion that it was

the result of varicose veins and not the result of the injury. Dr. Halley, one of plaintiff's witnesses, testified that the cause of the injury primarily was the varicose veins, secondly, the injury. It does not appear that she lost more than two months' time of her labor.

Under the peculiar circumstances of the case we do not feel at liberty to disregard the error on the ground that the verdict in every particular is for the right party.

Reversed and remanded. All concur.