## STELLA ANGEL, Respondent, v. CITY OF PORTAGEVILLE, Appellant.

St. Louis Court of Appeals. Submitted on Briefs October 9, 1912.
Opinion Filed November 12, 1912.

1. **BILLS OF EXCEPTIONS: Verity: Not Impeachable by Affidavits.** Where a bill of exceptions, as filed, did not show an exception to the order overruling the motion for a new trial, such exception could not be supplied by affidavits of counsel for the party who filed the bill that it had been duly saved by them and that the trial court refused to settle and sign a bill tendered by them, showing it; following Murphy v. Cooperage Co., *ante.*

2. **APPELLATE PRACTICE: Review of Matters of Exception: Prerequisites.** Unless an exception to the order overruling the motion for a new trial appears in the bill of exceptions, all inquiry into the proceedings at the trial is closed to the appellate court, and only the record proper is open to review.

3. **PLEADING: Demurrer: Waiver by Answering Over.** By answering over after his demurrer to the petition has been overruled, defendant loses the benefit of the demurrer, save as to the lack of jurisdiction of the court over the subject-matter or the failure of the petition to state facts sufficient to constitute a cause of action. [See Sec. 1804, R. S. 1909.]

4. **APPELLATE PRACTICE: Review: Motion in Arrest: Necessity of Exception.** A motion in arrest of judgment cannot be availed of on appeal, unless an exception was saved to the order overruling it.

5. ————: Questions Reviewable: Pleading: Sufficiency of Petition. The objection that a petition does not state facts sufficient to constitute a cause of action may be raised for the first time on appeal.

6. ————: ————: Pleading: Sufficiency of Petition: Waiver of Defects by Verdict. However defective a petition may be, if the necessary facts can be implied from what is defectively stated, the defendant will not be heard to object, after verdict and judgment, on the ground that the petition will not sustain a judgment; such objection being available only when the petition entirely fails to state a cause of action.

7. PLEADING: Defective Petition: Aider by Answer. Defective allegations of a petition may be supplied by the averments of the answer.

8. MUNICIPAL CORPORATIONS: Defective Sidewalk: Pleading: Sufficiency of Petition: Aider by Answer. In an action against a municipal corporation for personal injuries sustained on a defective sidewalk, *held* that the petition, when construed, as it should be, with defendant's answer, states a cause of action, warranting the verdict and supporting the judgment for plaintiff.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*S. J. Smalley* and *Brown & Gallivan* for appellant.

(1) The court should have sustained defendant's demurrer to plaintiff's petition, as the petition does not state the character of the defect in the sidewalk, does not state that the sidewalk was dangerous, or unsafe, nor does it state that the injury complained of was caused by the defective sidewalk. Plummer v. City of Milan, 70 Mo. App. 598; Young v. Kansas City, 45 Mo. App. 602  (2) The bill of exceptions in this case does not show the defendant excepted to the action of the court in overruling its motion for new trial and motion in arrest. On pages 28, 29 and 30 of appellant's abstract are the affidavits of the appellant's

168 Mo. App. 2

attorneys at the trial showing exceptions at the time
to the action of the court, and further showing that
appellant was unable to get its bill of exceptions signed
by the court who tried the case. We therefore submit that this case should be tried by this honorable
court under the ruling in State v. Feeley, 194 Mo. 315.

*Ward & Collins* for respondent.

(1) None of the assignments of errors can be
considered on appeal because the record fails to show
that an exception was saved to the overruling of the appellant's motion for a new trial and none of the grounds
assigned by said motion can be reviewed. State v. Harris, 216 Mo. 392; State v. Parnell, 206 Mo. 723. (2) With
nothing before this court for review appellant's complaints cannot extend beyond respondent's petition.
While this petition could have charged more specifically
the place on the sidewalk where respondent was injured, and could have by direct averment fixed the place of
injury to have been the deep hole in the sidewalk mentioned in the second paragraph in the petition, yet the
authorities are legion that this petition is good after
verdict. It will not be said that this petition states no
cause of action at all. The most that can be stated
against this petition is that it defectively states a cause
of action. Nowell v. Mode, 132 Mo. App. 237; Malone
v. Insurance Co., 71 Mo. App. 1; Bank v. Leyser, 116
Mo. 51. (3) Respondent in her petition complains
of a certain defect in a certain sidewalk along a certain lot in appellant city, and then charges that the
appellant negligently conducted itself with reference
to this certain and pointed out defect and place in
said sidewalk, and then charges that while respondent
so passing along this sidewalk, she slipped, fell and
was injured, and while it is not expressly averred that
the hole and defect in the sidewalk complained of
caused respondent to slip and fall, yet it is necessar-

ily and strongly implied from what is stated therein. Scammel v. Transit Co., 103 Mo. App. 513; Groves v. City, 75 Mo. 672; Vava v. Kansas City, 51 Mo. 454; Elport v. Seiler, 54 Mo. 134; Spurlock v. Railroad, 93 Mo. 538; Burthold v. Insurance Co., 2 Mo. App. 311; State v. County Court, 51 Mo. 522; Roper v. Clay, 18 Mo. 383; Shaler v. Van Wormer, 33 Mo. 386; Jones v. Lauderman, 39 Mo. 287; Falls v. Daily, 74 Mo. 74; Cobb v. Railroad, 149 Mo. 135; Heman v. Allen, 156 Mo. 534; Buck v. Railroad, 46 Mo. App. 555; Murphy v. Insurance Co., 70 Mo. App. 78. (4) Even to concede that respondent's petition is not as well as it might have been, yet the appellant in its answer pleads contributory negligence, which is an affirmative defense, and which answer under the rule of express aider cures the very defects which it complains of in respondent's petition. Currell v. Railroad, 97 Mo. App. 98; Insurance Co. v. Tribble, 86 Mo. App. 546; Bode v. Insurance Co., 103 Mo. App. 289.

REYNOLDS, P. J.—This is an action by respondent against the city of Portageville, to recover damages in the sum of $2000, for injuries alleged to have been sustained by her in consequence of a defective sidewalk in the defendant city. The answer, after a general denial, sets up that plaintiff, "if injured in the manner as set out in her petition, the same was the result of her own carelessness and negligence directly contributing thereto in this," and then sets up that plaintiff was going along the sidewalk in broad daylight and was crossing over the point where the hole was alleged to be with full knowledge of the alleged defect, which was open and obvious, and that she passed over it in a careless and negligent manner, "there being a safe and secure way for her to have gone, thereby endangering her own safety." After filing this answer plaintiff by leave withdrew it and filed a demurrer on the ground that the petition

did not state facts sufficient to constitute a cause of action. This was overruled and defendant refiled its answer.

There was a trial before the court and a jury and a verdict for plaintiff in the sum of $750. Defendant in due time filed its motion for new trial. This was overruled. Afterwards and in due time defendant filed its motion in arrest of judgment which was also overruled. Thereupon defendant duly perfected its appeal to this court, filing its bill of exceptions in due time.

In the abstract of the record furnished by counsel for appellant are two affidavits following the certificate of the clerk of the circuit court to the transcript. In and by these affidavits affiants state that they were the attorneys who assisted the city attorney in defending this case in the circuit court; that they prepared the motion for a new trial and a motion in arrest of judgment, signed them and filed them; that they were both present in court when the motions for new trial and in arrest were acted on by the court, and at the time the court overruled the motions they excepted in open court to the action of the court in overruling each of these motions. It is further set out in these affidavits that the attorney for plaintiff refused to O. K. the bill of exceptions with exception of defendant noted to the action of the court in overruling the motions for new trial and in arrest, for the reason that the clerk of the court failed to get the exceptions of the defendant to the action of the court in his minute book and that the court would not sign the bill of exceptions without the approval of the attorney for plaintiff inasmuch as the records of the court failed to show exceptions to his action in overruling those motions; that for this reason counsel were unable to get their exceptions noted in their bill of exceptions. One of these affidavits is sworn to before the clerk of the circuit court of New Madrid county,

the other before a notary in Indiana. There is nothing in the abstract indicating that these affidavits were ever filed in the circuit court or that they have been filed in any court, save that they are embodied in the abstract of the record, as before stated, filed in this court by appellant.

The bill of exceptions, as is recited in it, which was filed, sets out that defendant had tendered it as its bill of exceptions and prayed that it might be signed and sealed as such which was accordingly done by the circuit judge in vacation.

It is contended by counsel for appellant that we can consider these affidavits as correcting the bill of exceptions. This presents precisely the same point which was involved in the case of Murphy v. Lorwood Cooperage Co., the opinion in which is to be filed along with the opinion in this case. It is unnecessary to repeat what is there said on this matter of the bill of exceptions. We refer to that as equally applicable to this case.

This leaves for our consideration only the record proper. It is true that the petition in the case is indefinite and lacking in specific averments, but we cannot say that it is so fatally defective as to state no cause of action or as not to support the verdict and judgment in the case. Demurring, and that demurrer being overruled, plaintiff elected to answer and thereby lost the benefit of the demurrer save as to the jurisdiction of the court over the subject-matter of the action, or that the petition does not state facts sufficient to constitute a cause of action. [Sec. 1804, R. S. 1909; Hanson v. Neal, 215 Mo. 256, l. c. 277, 114 S. W. 1073.] Nor can it avail itself of a motion in arrest for the reason that it has failed to save exceptions to the overruling of that motion. Irrespective of this, it is always open to appellant to attack the petition in this court for failure to state any cause of action. However defective this petition is, it is clear that the

necessary facts can be implied from what is defectively stated. When that occurs, a defendant will not be heard, after verdict and judgment, to object that such a petition will not sustain a judgment. Such objection is only available when the petition fails to state any cause of action, not where one is defectively stated. [Hurst v. City of Ash Grove, 96 Mo. 168, l. c. 172, 9 S. W. 631; Scamell v. St. Louis Transit Co., 103 Mo. App. 504, l. c. 513, 77 S. W. 1021.] In addition to this it is a recognized rule of pleading in this State that the defective allegations of the petition may be supplied by the averments of the answer, so that reading them together a cause of action is stated. [Garth v. Caldwell, 72 Mo. 622, l. c. 629; Donaldson v. County of Butler, 98 Mo. 163, l. c. 166, 11 S. W. 572.] We have set out the substance of defendant's answer in this case. Construing it with the petition, we hold that there is such a cause of action stated in the case as warranted the verdict and supports the judgment. The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.